535 P.2d 1092

**In the Matter of John DOE, a child, Appellant.**

**No. 1971.**

Court of Appeals of New Mexico.

April 30, 1975.

Albert J. Rivera, Alamogordo, for appellant.

Toney Anaya, Atty. Gen., Andrea Buzzard, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

A petition, pursuant to the Children's Code, § 13–14–1 through § 13–14–45, N.M. S.A. 1953 (Repl. Vol. 3, 1969, Supp.1973), was filed alleging that the child, age sixteen, was a delinquent and in need of care or rehabilitation, in that he did violate the Village of Carrizozo curfew ordinance and that he did possess alcoholic beverages " * * * contrary to the provisions of Sections 45–10–12 and 46–10–19 N.M.S.A. (1953)." The child and his parents were pro se at the hearing on the petition. The child admitted he committed the two offenses. On the basis of the admissions the Children's Court entered a Judgment and Order and the child was " * * * committed to the custody of the New Mexico Department of [C]orrections for no more than sixty (60) days for comprehensive social and psychological evaluation. * * *" The child appeals alleging the petition was defective and therefore the Children's Court was without jurisdiction to enter its Judgment and Order. We agree.

Section 13–14–3(O), supra, defines a *delinquent child* as a child who has committed a delinquent act and is in need of care or rehabilitation. Section 13–14–3(N), supra, defines delinquent act as an act committed by a child, *which would be designated as a crime under the law if committed by an adult*, except for offenses under municipal traffic codes or the Motor Vehicle Code.

The restricted hours section of the Village of Carrizozo curfew ordinance states:

" * * * It shall be unlawful for any juvenile, male or female, under the age of eighteen (18) years to be upon any of the streets of the Town at any time between the hours of nine thirty o'clock (9:30) P.M. and five o'clock (5:00) A. M., unless accompanied by a parent or guardian. * * *"

This section does not come within the purview of § 13–14–3(N), supra, defining a delinquent act. The ordinance relates to any juvenile under the age of eighteen years.

As to the second charge, § 45–10–12, N.M.S.A. 1953 (Repl. Vol. 7, 1966), relates to the conduct of election for the creation of a weed control district. Section 46–10–19, N.M.S.A. 1953 (Repl. Vol. 7, 1966) is the penalty section of the Alcoholic Beverage Act. Neither of these sections constitutes a delinquent act as defined by § 13–14–3(N), supra.

Further, the fact that the child did possess alcoholic beverages does not constitute a delinquent act as defined in § 13–

14–3(N), supra. The possession of alcoholic beverages would not be a crime under the law if committed by an adult.

■ Accordingly, neither of the charges constituted a delinquent act. The Children's Court was without jurisdiction to enter the Judgment and Order. See In Re Doe, 87 N.M. 170, 531 P.2d 218 (Ct.App. 1975).

By the foregoing, we are not saying that a valid petition pursuant to § 13–14–3(M), supra, and § 13–14–9(A)(2), supra, asserting the aforementioned two counts, would be jurisdictionally defective. The cause is reversed and remanded with instructions to dismiss the petition with prejudice.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.