495 P.2d 1104

**Richard Anthony BOBRICK and Claude David Swim, Defendants-Appellants,**

**v.**

**STATE of New Mexico, Plaintiff-Appellee.**

**No. 779.**

Court of Appeals of New Mexico.
March 24, 1972.

Louis G. Stewart, Jr., Albuquerque, for defendants-appellants.

David L. Norvell, Atty. Gen., Santa Fe, Winston Roberts-Hohl, Asst. Atty. Gen., for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Defendants' petition for post-conviction relief (§ 21–1–1(93), N.M.S.A.1953 (Repl. Vol.1970)) was denied without an evidentiary hearing. This court remanded for an evidentiary hearing " * * * upon the issue of the voluntariness of their pleas of guilty." State v. Swim and Bobrick, 82

N.M. 478, 483 P.2d 1318 (Ct.App.1971). The court's opinion was filed in the district court on April 8, 1971 and on the same day a hearing was set for April 23, 1971. On April 23, 1971 the mandate was issued by this court and filed in the district court on April 27, 1971. On April 22, 1971 defendants each filed motions to terminate their appointed attorney and requested the court to appoint Mr. Stewart of Albuquerque. Defendants stated in the motions that they were indigent. The court denied the motions stating that appointed counsel was competent and also that Mr. Stewart was no longer practicing in McKinley County. Defendants then asked for a continuance on the grounds they could retain Mr. Stewart. The court denied this motion on the grounds that a great number of witnesses from other states and elsewhere were present. Defendants then refused to give any testimony and stood mute. The court declared the cause in default for failure to proceed.

Defendants appeal asserting: (1) the district court did not have jurisdiction to proceed on a hearing until the mandate was filed; (2) defendants were denied the right to a counsel of their own choosing and to due process of law when the trial court refused to grant a continuance so defendants could retain counsel; and, (3) defendants were denied effective assistance of counsel at the hearing because the proceedings were a sham, farce and mockery of justice.

We affirm.

### Jurisdiction of the Cause.

It is defendants' contention that the district court did not have jurisdiction until the mandate was filed in district court and thus the district court had no authority to proceed with a hearing on April 23, 1971. We disagree.

Section 21-2-1(18) (2), N.M.S.A.1953 (Repl.Vol.1970) states that: "Unless otherwise ordered, the motion for rehearing shall be filed within twenty [20] days after the filing of the opinion to which the same shall be directed." Section 21-2-1(17) (6),

N.M.S.A.1953 (Repl.Vol.1970) states that: "Upon final disposition of a civil cause, mandate will issue to the court below. * * *" Woodson v. Lee, 74 N.M. 227, 392 P.2d 419 (1964) states:

"Under our practice, a civil case is considered to be finally disposed of and the mandate issues when time for filing a motion for rehearing has expired without a motion being filed or if a motion is filed, when the same is denied. * * *"

In construing the above language, "* * * according to the context and the approved usage * * *" § 1-2-2, N.M.S.A.1953 (Repl.Vol.1970), we find no indication the mandate shall become effective upon the date of filing in the district court. We read § 21-2-1(17) (6), supra, to say the transfer of jurisdiction from the appellate court to the district court is accomplished upon issuance of the mandate. Compare Van Orman v. Nelson, 80 N.M. 119, 452 P.2d 188 (1969).

### Right to Counsel of Own Choosing.

The notice of hearing for April 23, 1971 was dated April 8, 1971. The motions to dismiss counsel and appoint Mr. Stewart were dated April 20, 1971 and filed April 22, 1971. The motions stated indigency and a request for free process. On the date of the hearing defendants stated they could retain Mr. Stewart. They offered nothing in support of this claim.

The denial of defendants' motions to dismiss counsel and grant a continuance so they could retain counsel, at this late date, was not an abuse of discretion or was it a denial of due process. State v. Deats, 82 N.M. 711, 487 P.2d 139 (Ct.App.1971); § 21-8-9, N.M.S.A.1953 (Repl.Vol.1970).

### Denial of Effective Assistance of Counsel.

Defendants stated at the hearing "I understand he (appointed counsel) is competent, but he is not familiar with the case. * * *" Defendants then refused to proceed and stood mute. Having failed to cooperate with appointed counsel they

cannot now complain about the consequences of their actions. State v. Gutierrez, 82 N.M. 578, 484 P.2d 1288 (Ct.App. 1971). There is absolutely no showing that the proceedings were a sham, farce or mockery.

Affirmed.

It is so ordered.

SUTIN and COWAN, JJ., concur.