531 P.2d 218
**In the Matter of John DOE, III, a child, Appellant.**
**No. 1440.**

Court of Appeals of New Mexico.
Jan. 8, 1975.

Paul S. Wainwright, Robinson, Stevens & Wainwright, Albuquerque, for appellant.

David L. Norvell, Atty. Gen., David M. McArthur, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

This is an appeal from a Children's Court proceeding under the Children's Code, § 13–14–1 through § 13–14–45, N.M. S.A.1953 (Repl.Vol. 3, 1968, Supp.1973) wherein Doe, a minor, was made a ward of the Court and committed to the New Mexico Boys' School for a period not to exceed sixty days. The order was based on a recitation that Doe had admitted to a charge of larceny, § 40A–16–1, N.M.S.A.1953 (2d Repl.Vol. 6, 1972), of property valued over $100.00 but less than $2,500.00. This recitation is totally unsupported by the record.

Doe appeals alleging (1) the prosecution was untimely, (2) the order was erroneous and (3) the failure to grant a motion to dismiss was. erroneous. One contention of the state is that this court is without jurisdiction to hear the appeal because of the lack of finality of the order. that is, it is an interlocutory order. We hold that we do have jurisdiction and reverse.

### Appellate Jurisdiction

■ The state contends that since the order neither contained a determination that the child is "in need of rehabilitation" as required by § 13–14–28(E), supra, nor a final "disposition in the proceeding" as required by § 13–14–30, supra, then the order was not a "judgment" as contemplated by § 13–14–36(A), supra.

The order makes the child a ward of the court and commits the child to the New Mexico Boys' School, for diagnostic purposes, for a period not to exceed sixty days. Authority for such a diagnostic commitment is § 13–14–29(D), supra. By the wording of § 13–14–29(D), supra, in ordering the diagnostic commitment, the Children's Court had necessarily determined that the child was either delinquent or in need of supervision. Compare State v. Tartaglia, 80 N.M. 788, 461 P.2d 921 (Ct.App.1969).

Such a determination is a judgment and the diagnostic commitment is a disposition within the meaning of § 13–14–30, supra. That judgment was appealable under § 13–14–36(A), supra.

To hold the order was not appealable, as the state contends, would have the consequence that children could be committed for a period up to sixty days without any right to judicial relief. Such a consequence would be contrary to the legislature's purpose stated in § 13–14–2(C) and (E), supra.

We hold that this court has jurisdiction.

### Children's Court Jurisdiction

■ The child does not question the validity of the petition upon which the instant proceedings were initiated. However, lack of jurisdiction at any stage of the proceedings is a controlling consideration which must be resolved before going further and an appellate court may raise the question of jurisdiction on its own mo-

tion. State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971).

The Children's Court is a court of limited jurisdiction. See § 13–14–9, supra. Section 13–14–9(A)(1), supra, states that:

"\* \* \* The [Children's] court has exclusive original jurisdiction of all proceedings under the Children's Code \* \* \* in which a child is alleged to be:

"(1) a delinquent child \* \* \*."

Section 13–14–3(O), supra, states that:

"\* \* \* 'delinquent child' means a child who has committed a delinquent act *and* is in need of care or rehabilitation;" (Emphasis added)

Section 13–14–3(N), supra, states that a "\* \* \* 'delinquent act' means an act committed by a child, which would be designated as a crime under the law if committed by an adult \* \* \*."

 The Children's Court acquired jurisdiction upon the filing of a petition. See §§ 13–14–9, supra; 13–14–17, supra. Cf. State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964). Compare Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968). It follows that a petition, defective in that it fails to allege those facts necessary to invoke the jurisdiction of the Children's Court, is insufficient to confer jurisdiction on that court. In the case at bar, the petition alleged that the child had committed a delinquent act, i. e. an act which if committed by an adult would be a crime. It did not allege that the child was in need of care or rehabilitation. As the Children's Court only has jurisdiction over those proceedings, among others, where the child is alleged to be delinquent, § 13–14–9, supra, and as delinquent means having committed a delinquent act plus being in need of care or rehabilitation, § 13–14–3(N), supra, the Children's Court was without jurisdiction in this case. See § 13–14–17(A), supra.

Section 41–23–7, N.M.S.A.1953 (2d Repl.Vol. 6, 1972, Supp.1973) provides that complaints, indictments and informations, in criminal proceedings, shall not be deemed invalid because of defects, errors or omissions. We find no comparable provisions for proceedings under the Children's Code.

The cause is reversed and remanded with instructions to dismiss the petition with prejudice.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.