561 P.2d 948

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE, Defendant-Appellant.**

**No. 2804.**

Court of Appeals of New Mexico.

March 1, 1977.

Barbara Nobel Farber, Sante Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WOOD, Chief Judge.

The child appeals from an order of the Children's Court which revoked probation and committed the child to the Boys School at Springer. We discuss two jurisdictional problems: (1) validity of the order placing the child on probation, and (2) effect of the order revoking the probation. The jurisdictional issues involved the power or authority of the Children's Court to decide the particular matter presented. *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). Statutory citations are to the Children's Code, §§ 13–14–1 through 13–14–45, N.M.S.A. 1953 (Repl. Vol. 3, pt. 1).

*Validity of the Probation Order*

The petition charged that the child had committed two delinquent acts which would

be crimes if committed by an adult. The petition also charged that the child was in need of supervision, care or rehabilitation. *In Re Doe, III,* 87 N.M. 170, 531 P.2d 218 (Ct.App.1975).

After a hearing, the Children's Court found that the child had committed the delinquent acts. Section 13–14–3(N), supra. The Children's Court did *not* find that the child was in need of care or rehabilitation. Section 13–14–28(E), supra, requires such a finding. See also § 13–14–28(H), supra.

■ The Children's Court ordered a sixty-day diagnostic evaluation. Diagnostic evaluations are authorized for "a child adjudicated as a delinquent child". Section 13–14–29(D), supra. Delinquent child is defined as a child "who has committed a delinquent act and is in need of care or rehabilitation". Section 13–14–3(O), supra. Although the child committed delinquent acts, there was no finding that the child was in need of care or rehabilitation, or a finding that the child was a delinquent child. See *Doe v. State,* 88 N.M. 627, 545 P.2d 93 (Ct.App.1976). The Children's Court lacked authority to order the diagnostic evaluation. However, it is unnecessary to consider the effect of the unauthorized diagnostic evaluation.

After receiving the diagnostic evaluation, the Children's Court placed the child on probation. This order was also entered without a finding that the child was in need of care or rehabilitation. Section 13–14–31(B)(3), supra, authorizes probation for a child "found to be delinquent". Under § 13–14–3(O), supra, a child is not delinquent unless in need of care or rehabilitation. There being no finding that the child was in need of care or rehabilitation, the order placing the child on probation was unauthorized.

The deficiency in the proceedings against the child was the failure to recognize that there are two aspects to the determination that a child is a delinquent child—the act, and the need for care or rehabilitation. Section 13–14–28(E), supra; Compare Rule 38 of the Children's Court Rules and the Committee Commentary to Rule 38. The Children's Court failed to consider one of these aspects. The result was that it had no authority to order the probation. The order placing the child on probation was void because the order was entered without authority. *Heckathorn v. Heckathorn,* supra.

## Effect of the Revocation Order

The petition to revoke probation alleged the child had violated certain terms and conditions of his probation. The child admitted the violation. In the order revoking probation and committing the child to the Boys School, there is a finding, for the first time, that the child is in need of care and rehabilitation. The revocation order contains a finding that "the child has committed the offense as charged in the Petition To Revoke Probation, a delinquent act, that he is by reason thereof a delinquent child and is in need of care, supervision and rehabilitation."

■ Generally, proceedings to revoke probation are governed by the procedure applicable to proceedings on a delinquency petition. Section 13–14–40, supra. The order revoking probation contains the requisite findings.

Does the order revoking probation validate the void order which placed the child on probation? Section 13–14–40, supra, states:

"A child on probation incident to an adjudication . . . as a delinquent child . . . who violates a term of the probation . . . may be proceeded against in a probation . . . revocation proceeding."

The child was not placed on probation as an incident of an adjudication that he was a delinquent child, because there was no determination that he was in need of care or rehabilitation. Section 13–14–40, supra, contemplates a valid probation order; it cannot be construed as validating a void order of probation.

 

The order placing the child on probation being void, the situation is as if no probation order had been entered. See *Heckathorn v. Heckathorn*, supra. There being no probation order, the order revoking probation was without legal effect. See *Heckathorn v. Heckathorn*, supra; *Eaton v. Cooke*, 74 N.M. 301, 393 P.2d 329 (1964); *Elwess v. Elwess*, 73 N.M. 400, 389 P.2d 7 (1964).

The order revoking probation and committing the child to the Boys School is reversed. The cause is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.