573 P.2d 1211 (1977)
92 N.M. 356
STATE of New Mexico, Plaintiff-Appellee,
v.
John DOE, Defendant-Appellant.
No. 3126.
Court of Appeals of New Mexico.
December 27, 1977.
Santiago E. Juarez, Roswell, for defendant-appellant.
Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

*1212 OPINION
HERNANDEZ, Judge.
This is the second time that this matter is before us. A petition alleging John Doe to be a delinquent child was filed in the Children's Court of Chaves County. The basis of this allegation was that he had on two occasions committed the crime of trafficking in heroin. The issues of the alleged delinquent acts were tried by a jury which found him guilty on both counts. The court entered a judgment and sentence reciting the verdict of the jury and committing John Doe to the New Mexico Boys' School for a period of two years. John Doe appealed that judgment to this court. On April 26, 1977, we reversed that judgment on the ground that the court had failed to make a finding that John Doe was in need of care or rehabilitation as required by Section 13-14-28(E), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976) of the Children's Code. The mandate of this court did not issue until May 18, 1977. However, on May 6, 1977, the Children's Court entered an amended judgment and sentence reciting the verdict of the jury and a finding "that said child is in need of care or rehabilitation," and committing John Doe for a period of two years to the New Mexico Boys' School. On June 8, 1977, John Doe's attorney filed a motion for a new trial which motion was denied by an order entered on July 5, 1977. On July 14, 1977, John Doe appealed from this order. He did not appeal from the amended judgment and sentence.
The following sections of the Children's Code deal with what cases may be appealed: § 13-14-28(E), § 13-14-30, and § 13-14-36(A), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976). An order denying a motion for a new trial is not appealable under any of these provisions; neither is it appealable under Rule 3(a) of the Rules Governing Appeals (§ 21-12-3(a), N.M.S.A. 1953 (Repl. Vol. 4, Supp. 1975)), since it is not a final order or decision, an interlocutory order or decision which practically disposes of the merits, nor a final order after entry of judgment which affects substantial rights. We have elected, nonetheless, to entertain this appeal and on our own motion raise the question of lack of jurisdiction on the part of the Children's Court to enter the amended judgment and sentence filed on May 6, 1977. "[L]ack of jurisdiction at any stage of the proceedings is a controlling consideration which must be resolved before going further and an appellate court may raise the question of jurisdiction on its own motion." In re Doe III, 87 N.M. 170, 531 P.2d 218 (Ct.App. 1975). As we stated in Bobrick v. State, 83 N.M. 657, 495 P.2d 1104 (Ct. App. 1972), "... the transfer of jurisdiction from the appellate court to the district court is accomplished upon issuance of the mandate." Therefore the Children's Court did not have jurisdiction to enter the amended judgment and sentence.
Even though the foregoing is dispositive of this appeal, we will discuss appellant's second and third points of error for the future guidance of the Children's Court.
The second point is that since John Doe was not personally present at the time that it was entered, the amended judgment and sentence is void. We agree. Section 41-23-47(a), N.M.S.A. 1953 (2d Repl. Vol. 6, Supp. 1975) provides:
"The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and the imposition of any sentence, except as otherwise provided by this rule."
None of the exceptions applies in this situation. Section 13-14A-35(a), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, Supp. 1975) of the Children's Code provides:
"Except as otherwise provided, adjudicatory hearings shall be conducted in the same manner as trials are conducted under the Rules of Criminal Procedure for the District Courts... ."
"When a sentence has been set aside, the defendant's presence is as necessary at resentencing as it was at the time of the original sentencing." State v. Verdugo, 78 N.M. 372, 431 P.2d 750 (1967).
*1213 The third point is that the Children's Court violated John Doe's rights by not giving him a hearing on the issue of whether he was in need of care or rehabilitation. This point is well taken. Section 13-14-28(E), N.M.S.A. 1953 (Repl. Vol. 3, pt. 1, 1976) provides:
"If the court finds on the basis of a valid admission of the allegations of the petition, or on the basis of proof beyond a reasonable doubt based upon competent, material and relevant evidence, that the child committed the acts by reason of which he is alleged to be delinquent or in need of supervision, it may, in the absence of objection, proceed immediately to hear evidence on whether or not the child is in need of care or rehabilitation and file its findings thereon. In the absence of evidence to the contrary, evidence of the commission of an act which constitutes a felony is sufficient to sustain a finding that the child is in need of care or rehabilitation. If the court finds that a child alleged to be delinquent or in need of supervision is not in need of care or rehabilitation, it shall dismiss the petition and order the child released from any detention or legal custody imposed in the proceedings." [Emphasis ours.]
The language of this section is clear; a hearing is required to determine whether or not the child is in need of care or rehabilitation and findings must be made from the evidence adduced. Failure to hold such a hearing constitutes reversible error.
The matter is remanded to the Children's Court to proceed in conformity with this opinion.
IT IS SO ORDERED.
LOPEZ, J., concurs.
SUTIN, J., specially concurs.
SUTIN, Judge (specially concurring).
I concur.
John Doe properly appealed from the Amended Judgment and Sentence. (R. 91). I agree that the trial court lacked jurisdiction to enter the Amended Judgment and Sentence.
However, I disagree that the presence of John Doe is necessary at a hearing, or that a hearing should be held to determine the issue of care and rehabilitation.
Section 13-14-28(E) is set forth in the majority opinion. The first part of the statute, including that italicized, applies where proof is made that "... the child committed the acts by reason of which he is alleged to be delinquent or in need of supervision... ." However, "... evidence of the commission of an act which constitutes a felony is sufficient to sustain a finding that the child is in need of care or rehabilitation...." [Emphasis added.] John Doe was convicted of two felonies, and the court found that John Doe was in need of care or rehabilitation. (R. 83). This finding is conclusive and cannot be challenged.
All that is required is that the Amended Judgment and Sentence be re-filed.
John Doe's Brief-in-Chief made no record references, misspelled words with incorrect statements, and misspelled the name in a citation. It is obvious that the brief was not read before it was filed. A reputation as a good lawyer on appeal cannot be achieved in this manner. The quality of effective counsel on appeal has been recited in several opinions. This criticism will continue in hopes that it will indelibly imprint itself upon the minds of two young, aggressive and impressive attorneys who have defended their client with vigor.