619 P.2d 192

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**John DOE, a child, and Anthony Gurule, Defendants–Appellees.**

**Nos. 4564–4593.**

Court of Appeals of New Mexico.

Oct. 16, 1980.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela and Arthur Encinias, Asst. Atty. Gen., Santa Fe, for plaintiff–appellant.

Mary Jo Snyder, Santa Fe, for defendants–appellees.

OPINION

WALTERS, Judge.

In these consolidated cases, the offenses allegedly committed by the defendants occurred while both were seventeen years old. After both children had reached age 18, charges were filed against one in children's

court, the other in District Court. In each case the action was dismissed for lack of jurisdiction. The dismissals are reversed.

The State and defendants both argue that jurisdiction logically should be in the children's court, but that the statutes create a gap in jurisdiction if charges are not filed against a child before he becomes an adult (18 years of age). They focus on § 32–1–12, N.M.S.A., entitled *"Retention* of jurisdiction of child by court," which provides that jurisdiction of the children's court over the subject matter and the "child" (defined as one "who is less than eighteen years old," § 32–1–3(A), N.M.S.A.1978) automatically terminates when:

A. the child becomes an adult, except that jurisdiction is retained until disposition of a case involving a child *who becomes an adult during the pendency of the proceedings in the [children's] court.*

pointing to the emphasized phrase as indicating there is no jurisdiction to retain if proceedings are not pending.

The argument is creative, but it overlooks the legislatively enacted heading to § 32–1–12 which directs its application to *retention* of jurisdiction by the children's court until pending proceedings are completed rather than to *divestiture* of jurisdiction if the defendant becomes eighteen before proceedings are commenced. Defendants emphasize what is not in the statute, and purge from it the language which meets the purpose for which it was enacted, i. e., the avoidance of a gap in jurisdiction between offense and disposition when the offender "comes of age" during the interim.

We accept the fact that proceedings in these cases were not instituted before the defendants became eighteen. However, the Children's Code must be read as an entirety and each section interpreted so as to correlate as faultlessly as possible with all other sections, in order that the ends sought to be accomplished by the legislature shall not be thwarted. *State ex rel. Newsome v. Alarid,* 90 N.M. 790, 568 P.2d 1236 (1977). With such rules of statutory construction uppermost, we note that the purpose of Code is set forth in these pertinent subsections of § 32–1–2, N.M.S.A.1978:

The Children's Code shall be interpreted and construed to effectuate the following expressed legislative purposes:

\*   \*   \*   \*   \*   \*

B. Consistent with the protection of the public interest, to remove from children committing delinquent acts the consequences of criminal behavior and to substitute therefore a program of supervision, care and rehabilitation;

\*   \*   \*   \*   \*   \*

D. to separate clearly in the judicial and other processes affecting children under the Children's Code the neglected child, the child in need of supervision and the delinquent child, and to provide appropriate and distinct dispositional options for treatment and rehabilitation of these children; and

E. to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced.

Section 32–1–9(A)(1) places exclusive original jurisdiction over "a delinquent child" in the children's court. A "delinquent child" is one, under 18, "who has committed a delinquent act and is in need of care or rehabilitation." Section 32–1–3(*O*).

With these sections in mind, we consider the provisions of § 32–1–11 directing the district court to "promptly transfer jurisdiction of the matter and the defendant" to children's court if it appears that a defendant charged in district court was under the age of eighteen at the time the offense alleged was committed, even though the defendant is not a child at the time of the transfer. It seems eminently plain that this section disposes of any contention that there is a "gap" in the assignment of original jurisdiction in cases like those now before us. This section *requires* the district court to send the matter to children's court if the defendant was not an adult when the offense charged allegedly was committed.

It would be ludicrous to suggest that the only way these defendants (or others similarly situated) could be proceeded against would be to bring charges in district court so that they could then be transferred back to children's court under § 32–1–11. The statutes will not be construed to require a useless act; neither will they be construed to subvert the express objectives of legislation. *See State v. Garcia*, 93 N.M. 51, 596 P.2d 264 (1979).

Reading all sections of the Code together and considering them in the light necessary to effect the Code's purposes, we hold that the filing of a petition under § 32–1–17 of the Children's Code, sufficiently vests jurisdiction in the children's court over persons alleged to have committed delinquent acts while under the age of 18, regardless of their ages at the time the charges are filed. The Supreme Court so held in *Peyton v. Nord*, 78 N.M. 717, 437 P.2d 716 (1968), and the present provisions of the Children's Code do not suggest a different result. *See* §§ 32–1–2 D; 32–1–3 N; 32–1–11; 32–1–14 C; 32–1–19, N.M.S. A.1978. Nothing in this holding affects the power of the children's court to subsequently transfer to district court for prosecution of those offenders described in §§ 32–1–29 and –30, N.M.S.A.1978 if such a transfer is warranted.

We further hold that the district court in Cause No. 4593 should have transferred the matter filed in its court to children's court, according to the terms of § 32–1–11; and that the children's court should have acknowledged jurisdiction in Cause No. 4564 when the § 32–1–17 petition was therein filed.

These cases are remanded for reinstatement of No. 4564 on the docket of the children's court, and for reinstatement of No. 4593 and transfer of that case to the children's court.

WOOD, C. J., and HERNANDEZ, J., concur.