680 P.2d 354

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**John DOE and John Doe, Defendants-Appellants.**

**Nos. 7302, 7308.**

Court of Appeals of New Mexico.

Jan. 12, 1984.

Certiorari Quashed April 20, 1984.

Paul Bardacke, Atty. Gen., Ida M. Lujan, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Janet Clow, Chief Public Defender, Henry R. Quintero, Asst. Appellate Defender, Santa Fe, for defendants-appellants.

## OPINION

HENDLEY, Judge.

The children appeal from orders of the children's court which transferred their cases to district court for prosecution. Their appeals have been consolidated. The sole issue concerns the jurisdictional problem of the validity of the transfer order. Other issues raised in the docketing statement but not briefed are deemed abandoned. *State v. Gonzales*, 96 N.M. 556, 632 P.2d 1194 (Ct.App.1981).

The petitions in children's court charged the children with armed robbery, false imprisonment, and aggravated assault. The State filed a motion for transfer to district court, pursuant to NMSA 1978, § 32–1–30 (Repl.Pamp.1981). After a hearing on the motion, the court ordered the children transferred to district court.

The single issue briefed by the parties is raised as jurisdictional error pursuant to NMSA 1978, Crim., Child.Ct., Dom. Rel. & W/C App.R. 308 (Repl.Pamp.1983). This issue can properly be raised for the first time in the brief-in-chief only if it is in fact jurisdictional error. *State v. Rael*, 100 N.M. 193, 668 P.2d 309 (Ct.App.1983); *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.1978). We hold that there was jurisdictional error in transferring the children.

Notice to the children's parents is required under the applicable transfer statute, Section 32–1–30. Under Section 32–1–30, the children's court may transfer a child to district court *if* five findings are made. The third of those findings, Section 32–1–30(A)(3), states: "notice in writing of the time, place and purpose of the hearing is given the child, his attorney, parents, guardian or custodian at least five days before the hearing[.]" The transfer orders

entered by the court as to these children did *not* find that notice of the hearing was given to the parents of the children. Neither was there actual notice to the parents.

The record indicates the parents of both children were not notified of the detention hearing. At the transfer hearing, the trial judge concluded that the parents of both children were not notified of the transfer hearing. There is no indication that the parents of either child have ever been notified of the children's court proceedings.

At the transfer hearing, one of the children moved to dismiss the proceedings on the basis of the failure to notify his parents as required under Section 32–1–30(A)(3). The children's court, orally finding that the children's parents were not notified, denied the motion because the court did not believe the notice requirement to be a jurisdictional requisite to transfer the children. A review of the transfer hearing reveals that the parents of both children were not notified.

■ The State claims that the provisions of Section 32–1–30(A)(3) were complied with because the parents could not be located. The testimony was not conclusive on whether sufficient effort was made to locate the parents. The effort to locate and notify parents should continue for a reasonable period. *See, e.g.,* Committee commentary, NMSA 1978, Child.Ct.R. 25 (Repl. Pamp.1982). In this case, affidavits were *not* filed, pursuant to NMSA 1978, Child. Ct.R. 5(g) (Repl.Pamp.1982), stating that the parents could not be located.

There are three jurisdictional essentials necessary to the validity of every judgment: jurisdiction of parties, jurisdiction of subject matter, and power or authority to decide the particular matter presented. *Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967). The jurisdictional question presented here involves the power or authority of the children's court to transfer the children.

■ Under Section 32–1–30, a child is not to be transferred to district court *unless* his parents, guardian, or custodian have

been notified. Since the statute requires a specific finding, and none was made, the transfer order is invalid because it was not entered in compliance with the statute. *Heckathorn v. Heckathorn; State v. Doe,* 93 N.M. 481, 601 P.2d 451 (Ct.App.1979); *State v. Doe,* 90 N.M. 249, 561 P.2d 948 (Ct.App.1977).

■ Our holding in this case also accords with the stated legislative purpose of the Children's Code, NMSA 1978, § 32–1–2(A), (C), (G) (Repl.Pamp.1981). The Children's Code must be read in its entirety and each section must be interpreted so as to correlate with all other sections, in order that the ends sought to be accomplished by the Legislature shall not be thwarted. *State v. Doe,* 95 N.M. 88, 619 P.2d 192 (Ct.App. 1980). The requirement in Section 32–1–30(A)(3), that parents receive notification of children's court transfer proceedings involving their child, is not a mere procedural formality. Notification serves the purpose of effectuating the stated purposes of the Legislature in drafting the Children's Code.

The order transferring the children to district court is reversed.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.