725 P.2d 595

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**DENNIS F., a child**
**Defendant-Appellant.**

**No. 9098.**

Court of Appeals of New Mexico.

Aug. 19, 1986.

Paul G. Bardacke, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Public Defender, Santa Fe, for defendant-appellant.

## OPINION

GARCIA, Judge.

This is an appeal from the children's court's entry of an amended judgment and disposition which deleted credit for time served on probation. The threshold question is whether a child is entitled to pre-commitment credit for time served while on probation; this question is one of first impression in New Mexico.

### BACKGROUND

In December of 1984, the child was adjudicated a delinquent child as a result of his involvement in a robbery. He was committed to the Department of Corrections for placement at the New Mexico Boy's School for an indeterminate period not to exceed two years. The children's court judge, however, suspended the commitment and placed the child on probation.

Subsequently, in November of 1985, the state filed a petition to revoke probation based on the child's commission of another delinquent act, possession of a controlled substance. The child admitted that he violated his probation. As a result of the admission, the child's probation was revoked.

At the dispositional hearing, with the child present, the children's court directed that the previously suspended commitment be imposed, and remanded custody of the child to the New Mexico Boy's School for a period not to exceed two years. The judge then questioned the attorneys as to whether, upon revocation of probation, a child was entitled to credit for time served while on probation. Neither attorney was able to definitively answer the court's question. Accordingly, the court requested that the state's attorney research the issue prior to entry of the formal judgment.

Ten days later, the state's attorney, relying on *State v. Kenneman*, 98 N.M. 794, 653 P.2d 170 (Ct.App.1982), indicated that the position of the district attorney's office was that the child was entitled to credit for the time served on probation. The court filed a judgment and commitment on January 28, 1986 committing the child to the custody of the Department of Corrections for an indeterminate period not to exceed two years, "less that period of time respondent has served on Probation as ordered by the Court on December 21, 1984. (three hundred & thirty-six (336) days)."

Two days later, however, the court entered an amended judgment and disposition deleting the language which granted credit for the time served on probation. It is the court's amended judgment which forms the basis of the child's appeal.

### ISSUES

■ Of the issues raised in the child's docketing statement, only two were briefed. Issues raised but not briefed are deemed abandoned. *State v. Doe*, 101 N.M. 363, 683 P.2d 45 (Ct.App.1983). The issues we consider on appeal are: (1) whether entry of an amended judgment in the children's court, which deletes credit for time served on probation, violates provisions against double jeopardy; and (2) whether the amended judgment and disposition is void because the child was not present at its entry.

### Double Jeopardy

One stated purpose of the Children's Code is "to remove from children committing delinquent acts the adult consequences of criminal behavior ... and to provide a

program of supervision, care and rehabilitation * * *." NMSA 1978, § 32–1–2(B) (Repl.1986).

Consistent with this legislative purpose, a child adjudicated a delinquent is not given a determinate sentence, as is an adult, but may be committed to the custody of the Department of Corrections for an indeterminate period, not to exceed a specified maximum. *See* NMSA 1978, § 32–1–34(E)(2) and –38(A) (Repl.1986). The commitment may not exceed the time authorized by law, nor may the court commit a child to the Boy's School for a specified period less than the time authorized by statute. *State v. Doe,* 95 N.M. 90, 619 P.2d 194 (Ct.App.1980).

Once the children's court has committed a child to the custody of the department, the jurisdiction of the court is ended, and the Department of Corrections is responsible for the care and rehabilitation of the delinquent child. § 32–1–34(E)(2). The exclusive power to parole or release the child is then vested in the Juvenile Parole Board. § 32–1–38(A)(1).

A child, like an adult, may have his commitment suspended and be placed on probation. § 32–1–34(E)(3). The period of probation, pursuant to the Children's Code, is also for an indeterminate period. § 32–1–38(C).

Upon violating a term or condition of probation, a child may have his probation revoked. NMSA 1978, § 32–1–43 (Repl.1986). Following revocation, the court may extend the period of probation, or may make any other judgment or disposition that would have been appropriate in the original disposition of the case. § 32–1–43. Unlike statutes pertaining to adult offenders, there are no provisions in the Children's Code to allow credit for time served on probation. Statutes dealing with adult offenders make specific provisions for granting credit for time spent on probation. *See* NMSA 1978, § 31–21–15(B) (Repl.Pamp.1981). This statute, relied on in *State v. Kenneman,* provides that if a probation violation is established, the court

may continue or revoke the probation "and may require the probationer to serve the *balance of the sentence imposed* or any lesser sentence." (Emphasis added.) If the sentence was deferred when defendant was placed on probation, "the court may impose any sentence which might originally have been imposed, *but credit shall be given* for time served on probation." (Emphasis added.)

A trial court's authority as to the length of probation is conferred by statute. In *State v. Crespin,* 96 N.M. 640, 633 P.2d 1238 (1981), this court stated: "The fixing of penalties is a legislative function; the trial court's authority is to impose a penalty which has been authorized by the Legislature; a penalty which has not been authorized is void." 96 N.M. at 643, 633 P.2d at 1241.

Allowance of credit for time served on probation has not been authorized by the state legislature for dispositions under the Children's Code, and therefore, an award of credit is void. To hold otherwise would be inconsistent with the general scheme of the Children's Code that gives the Juvenile Parole Board the exclusive power to determine when a child should be paroled or released. Because a limitation on the period of an indeterminate commitment is void, and further, because there is no statutory authorization under the Children's Code for allowing credits for time served on probation, the judgment and disposition entered by the court on January 28th was void.

The child argues that the amended judgment which deletes credits violates concepts of double jeopardy. We agree that increasing a sentence, after defendant has commenced to serve it, is a violation of the constitutional guarantee against double jeopardy. *State v. Allen,* 82 N.M. 373, 482 P.2d 237 (1971). However, in *State v. Crespin,* we stated: "After imposition of a *valid sentence,* a court may not increase the penalty." 96 N.M. 643, 633 P.2d at 1241 (emphasis added). Here, the first disposition and judgment was not valid.

Cases cited by the child for the proposition that extending his sentence violates the prohibition against double jeopardy, all involve valid original judgments. *See State v. Allen; State v. Castillo*, 94 N.M. 352, 610 P.2d 756 (Ct.App.1980); *State v. Soria*, 82 N.M. 509, 484 P.2d 351 (Ct.App.1971). However, an invalid sentence may be corrected by the imposition of a proper sentence, even though defendant has begun to serve the original sentence and even if the proper sentence is more onerous. *State v. Acuna*, 103 N.M. 279, 705 P.2d 685 (Ct.App.1985); *State v. Aguilar*, 98 N.M. 510, 650 P.2d 32 (Ct.App.1982).

In *State v. Doe*, 90 N.M. 249, 561 P.2d 948 (Ct.App.1977), this court stated: "The order placing the child on probation being void, the situation is as if no probation order had been entered. [Citation omitted.] There being no probation order, the order revoking probation was without legal effect." 90 N.M. at 251, 561 P.2d at 950. In the present case, the court's entry of an amended judgment and disposition did not enhance a previously imposed sentence because the first judgment and commitment was void. Thus, double jeopardy would not prevent the court from entering the amended judgment.

**Amended Judgment**

The child next argues that the amended judgment and disposition is void because there was no hearing on the amended disposition, and in his absence, the amended judgment and disposition could not be entered. We find this argument to be without merit.

The child was present at the disposition hearing held on January 17th. At that time, the children's judge committed him to the New Mexico Boy's School for an indeterminate period, not to exceed two years. The amended judgment of January 30th imposes the identical disposition.

The child relies on *State v. Doe*, 91 N.M. 356, 573 P.2d 1211 (Ct.App.1977) in support of his argument. *Doe* quotes *State v. Verdugo*, 78 N.M. 372, 431 P.2d

750 (1967), as follows: " 'When a sentence has been set aside, the defendant's presence is as necessary at resentencing as it was at the time of the original sentencing.' " 91 N.M. at 357, 573 P.2d at 1212. Here, however, the oral ruling by the trial court at the disposition hearing has not changed. The January 30th amended judgment and disposition corrected the written order of January 28th. We have previously determined that the January 28th judgment and disposition was void in that it served to place a limitation on the period of an indeterminate commitment and because there is no statutory authorization for allowing credits. Because the January 28th judgment was void, it was as if it had not been entered. The child was present at the dispositional hearing and heard the announcement of the court's judgment and disposition. The child did not have to be present for the written disposition of January 30th anymore than he did for the written disposition of January 28th. The amended judgment and disposition does not substantively change the ruling from the bench on January 17th. The court never advised the child that credit would be given, but simply directed that the attorneys research the issue. Under the circumstances of this case, we determine that there was no error in the entry of the amended judgment and disposition.

Affirmed.

IT IS SO ORDERED.

HENDLEY, C.J., and MINZNER, J., concur.