756 P.2d 585

STATE of New Mexico,
Petitioner–Appellee,

v.

MICHAEL V., a Child,
Respondent–Appellant.

No. 10287.

Court of Appeals of New Mexico.

June 7, 1988.

Hal Stratton, Atty. Gen., Katherine Zinn, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Linda Yen, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

## OPINION

ALARID, Judge.

This is an appeal from respondent's conviction, following a bench trial, for a probation violation based upon charges of auto burglary and possession of burglary tools. Respondent (child) appeals a judgment and disposition from the children's court revoking his probation and finding him delinquent and committing him to the New Mexico Boys' School. Although the child raises three issues, because the first is dispositive and involves a jurisdictional question, we need not address the remaining issues. We address only whether the children's court lacked jurisdiction to proceed with the revocation hearing because the underlying orders were invalid. We hold the underlying orders were invalid and, therefore, the children's court lacked jurisdiction. We reverse and remand for discharge of the child.

The first delinquency petition against the child was filed on April 25, 1985. The child admitted to committing the delinquent act, and a judgment and disposition was entered on October 28, 1985, placing him on probation for a period of one year. On June 2, 1986, a petition to revoke probation was filed. A plea and disposition agreement was entered on August 13, 1986, whereby the child was placed on probation of a period of twelve additional months. After several delays and the filing of additional petitions to revoke, the children's court tried the child and found he committed the violations. The child did not raise the jurisdictional question below or in his docketing statement, but moved to amend the docketing statement to add the issue. We allow the amendment. *State v. Sinyard*, 100 N.M. 694, 675 P.2d 426 (Ct.App. 1983) (claim that sentence unauthorized by statute was jurisdictional and could be raised for the first time on appeal).

Under the Children's Code, NMSA 1978, Sections 32–1–1 to –59 (Repl.Pamp.1986 and Supp.1987), the children's court has the authority to place a child on probation for a delinquent act. § 32–1–34. Section 32–1–38(C) limits a judgment of probation to "an indeterminate period not exceeding two years from the date entered." Based upon this statutory provision, the child argues that the children's court was without authority to place him on probation for one year.

The fixing of penalties is a legislative function and the trial court has authority to impose only what has been authorized by the legislature. *See State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App. 1981). A trial court's authority as to the length of probation is conferred by statute. *State v. Dennis F.*, 104 N.M. 619, 725 P.2d 595 (Ct.App.1986); *see State v. Sparks*, 102 N.M. 317, 694 P.2d 1382 (Ct.App.1985); *see also State v. Sinyard.* In *Dennis F.*, this court found that an "[a]llowance of credit for time served on probation has not been authorized by the state legislature for dispositions under the Children's Code, and therefore, an award for credit is void." 104 N.M. at 621, 725 P.2d at 597. This

court has also held that the language of Section 32–1–38(A), authorizing commitment of a delinquent child to the custody of an agency for an indeterminate period not exceeding two years, means just that. The commitment may not exceed the time authorized by law, nor may the court commit a child to the Boys' School for a specified period less than the time authorized by statute. *State v. Doe*, 95 N.M. 90, 619 P.2d 194 (Ct.App.1980). We therefore hold that the children's court is strictly bound by Section 32–1–38 when it commits a child to the custody of an agency or places a child on probation. *Id.; State v. Dennis F.*

The state argues that because the court never loses jurisdiction over a child on probation, the sentence term is always subject to modification by the court. This argument is unpersuasive under the present facts. It is predicated on the fact that the Juvenile Probation Services is an arm of the court and, therefore, it is the court which ultimately determines the best rehabilitative needs of the child. We disagree with the state's argument. *See* § 32–1–38(D), (F) and (G). Neither the fact that a child may be released before the expiration of the period, nor the fact that the period may be extended makes a specific time period indeterminate. Moreover, the fact that the children's court retains jurisdiction over the person of the child on probation does not make "one year" an indeterminate period of time.

For these reasons, we find that the imposition of a definite time of probation less than two years is not authorized by statute. § 32–1–38(C). Therefore, the sentence is void. *See State v. Crespin; State v. Doe.* The initial order placing the child on probation was invalid and, therefore, the subsequent orders revoking the child's probation could not be valid. " 'The order placing the child on probation being void, the situation is as if no probation order had been entered. * * * There being no probation order, the order revoking probation was without legal effect.' "

*State v. Dennis F.,* 104 N.M. at 622, 725 P.2d at 598 (*quoting State v. Doe,* 90 N.M. 249, 251, 561 P.2d 948, 950 (Ct.App.1977)).

Since the children's court had no authority to place the child on probation for one year, the sentence of probation was void. Therefore, the order revoking probation and committing the child to the Boys' School is reversed.

Reversed and remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

BIVINS and APODACA, JJ., concur.