791 P.2d 67

**STATE of New Mexico, Petitioner–Appellee,**

v.

**HENRY L., A Child, Respondent–Appellant.**

No. 11572.

Court of Appeals of New Mexico.

March 13, 1990.

Certiorari Denied April 17, 1990.

Hal Stratton, Atty. Gen., Bill Primm, Asst. Atty. Gen., Santa Fe, for petitioner-appellee.

Jacquelyn Robins, Chief Public Defender, Jonathan A. Abbott, Asst. Appellate Defender, Santa Fe, for respondent-appellant.

## OPINION

ALARID, Judge.

Respondent (child) appeals from an order of the children's court revoking his probation and committing him to the New Mexico Boys' School for an indeterminate period not to exceed two years. The sole issue the child raises is that the children's court order revoking his probation is void because the underlying probation order is invalid due to illegal and unconstitutional conditions of probation. We affirm the judgment and disposition of the children's court.

## FACTS

The child was found to be a delinquent child in January 1988, based on his admission to two counts of possession of marijuana, and was placed on probation for a period not to exceed two years. In May 1988, the state moved to revoke the child's January 1988 probation. The child admitted having violated his probation by failing to attend school and possessing marijuana. In lieu of commitment to the Boys' School, the child was placed on the Juvenile Intensive Probation Supervision (JIPS) Program in September 1988. One of the terms of the JIPS probation confined the child in the Juvenile Detention Center "for a period of 24 days, to be served four days per month as directed by the child's Probation Officer." The order also provided that "[t]he Probation Officer will have full discretion to credit the child with up to four days per month for the child's good performance in complying with the terms and conditions of the JIPS Program."

In November 1988, the state moved to revoke the child's JIPS probation. On May 4, 1989, a judgment and disposition was filed with respect to the November 1988 petitions to revoke probation. The children's court found that the child violated the curfew conditions of his JIPS probation agreement and was a delinquent child in need of care and rehabilitation, revoked the child's JIPS probation, and committed the child to the Boys' School for a full term not to exceed two years. The child appeals from the May 1989 order, arguing that the detention conditions of the JIPS program are illegal, thereby rendering the JIPS probation order void, which in turn renders the subsequent order of commitment void as well. *See State v. Michael V.*, 107 N.M. 305, 756 P.2d 585 (Ct.App.1988) (where initial order placing child on probation is void, subsequent orders revoking probation are without legal effect).

## DISCUSSION

 The child argues that the JIPS probation is void because the Children's Code, NMSA 1978, Sections 32–1–1 to –59 (Repl. Pamp.1989), does not authorize the imposition of twenty-four days confinement as a condition of probation. *See State v. Michael V.* (children's court may only impose penalties which the legislature has authorized). The child contends that under Section 32–1–34(E), the children's court is given six options for disposing of a case after

finding a child to be delinquent. The child notes the children's court may place the child on probation pursuant to Section 32–1–34(E)(3), or it may place the child in a local detention facility for a period not to exceed fifteen days pursuant to Section 32–1–34(E)(4). He contends the listed options are mutually exclusive; therefore, more than one of the six options may not be imposed. We do not discuss the question of whether the options available to the children's court under Section 32–1–34(E) are mutually exclusive, because we find the language of Section 32–1–34(E)(3) sufficiently expansive to contemplate the imposition of limited detention as a condition of probation.

■ Section 32–1–34(E)(3) provides that the court may "place the child on probation under those conditions and limitations as the court may prescribe." We have previously held that the Children's Code must be read as an entirety and each section interpreted so as to correlate as faultlessly as possible with all other sections. *State v. Doe*, 95 N.M. 88, 619 P.2d 192 (Ct.App. 1980). Among the legislative purposes of the Children's Code are: preservation of family unity when possible; provision of a program of supervision, care and rehabilitation; and provision of "effective deterrents to acts of juvenile delinquency, including an emphasis on community-based alternatives." *See* § 32–1–2(A), (B), (F). We find that a broad reading of Section 32–1–34(E)(3), allowing a reasonable period of detention as a condition of probation, comports with the legislative intent that the Children's Code be "interpreted and construed to effectuate" the purposes identified above. The record below reflects that the JIPS program is a last-chance alternative for many boys who might otherwise be sent to Boys' School. We view probation including detention as an alternative to transfer of custody to the youth authority of children like Henry who have been unsuccessful in completing less restrictive probation, and therefore as an alternative consistent with the legislative purposes of family unity and community-based alternatives.

■ The child argues that even if Section 32–1–34(E)(3) allows detention as a condition of probation, his JIPS probation was invalid because it imposed twenty-four potential days of detention, when Section 32–1–34(E)(4) provides for a period of detention not to exceed fifteen days. We view Section 32–1–34(E)(4) as an alternative disposition available to the court and not as a limitation on the conditions of probation the court may prescribe under Section 32–1–34(E)(3). Section 32–1–34(E)(4) allows the children's court the option of imposing a brief period of detention as a potential disposition and is inapplicable to the conditions and limitations the court may prescribe when placing a child on probation pursuant to Section 32–1–34(E)(3).

■ The child also relies on the general rule that probation consists of the release of a defendant without imprisonment. *See State v. Chavez*, 94 N.M. 102, 607 P.2d 640 (Ct.App.1979) (probation defined as the release by the court without imprisonment of an adult defendant convicted of a crime). We find this definition of probation inapplicable because it refers to adults rather than children, and both the courts and the legislature have recognized distinctions between probationary conditions that are allowable for adults and conditions that are allowable for children.

■ An adult may not be sentenced to both probation and a fine. *State v. Holland*, 91 N.M. 386, 574 P.2d 605 (Ct.App. 1978). With respect to a child, however, Section 32–1–34(E) specifically authorizes the children's court to impose a fine and any enumerated disposition, including probation, when a child is found to be delinquent. An adult's probation conditions cannot be changed so that the penalty is increased once a legal sentence is imposed. *State v. Crespin*, 96 N.M. 640, 633 P.2d 1238 (Ct.App.1981). A child's sentence can be increased when he is found to have violated conditions of probation because the children's court is authorized to make any disposition it could have originally made, with no restrictions on increasing the penalty. *See* §§ 32–1–38(G), –43. A child gets no credit for time served on probation,

whereas an adult does receive credit. *Compare State v. Dennis F.*, 104 N.M. 619, 621, 725 P.2d 595, 597 (Ct.App.1986) ("[a]llowance of credit for time served on probation has not been authorized by the state legislature for dispositions under the Children's Code") *with State v. Travarez*, 99 N.M. 309, 657 P.2d 636 (Ct.App.1983) (an adult defendant must be given credit for time served on probation).

We also note that other jurisdictions have determined that a certain period of detention as a condition of probation is appropriate in juvenile cases. *See In re Appeal in Pima County Juvenile Action No. J–20705–3*, 133 Ariz. 296, 650 P.2d 1278 (Ct.App.1982) (court held probation and six weekends in jail as condition of probation bore reasonable relation to rehabilitation); *In re John S.*, 83 Cal.App.3d 285, 147 Cal. Rptr. 771 (1978) (condition of probation that child spend between five and ten days in juvenile hall authorized by statute which states that a purpose of the juvenile court law is "to impose on the minor a sense of responsibility for his own acts"). We find the above distinctions, together with the authority from other jurisdictions, persuasive in support of our finding that the definition of probation set out in *Chavez*, precluding confinement as a condition of probation, should not be applied in this case.

The child's final arguments are that the JIPS program violates double jeopardy, due process, equal protection, and separation of powers. We do not consider the child's equal protection and separation of powers arguments because he cites no authority in support of his contentions. *See In re Adoption of Doe*, 100 N.M. 764, 676 P.2d 1329 (1984). We deal briefly with his double jeopardy and due process claims.

■ The child argues the JIPS program violates his right to avoid double jeopardy because he can be punished once for bad performance (four days detention) by JIPS personnel and then have his probation revoked and be punished again. The state responds, and we agree, that the child's argument overlooks the fact that the detention imposed pursuant to the JIPS proba-

tion was imposed by the children's court judge for the child's past behavior, and any future punishment (probation revocation) would be for future violations of the JIPS probation. The state also notes that, upon probation violation, the children's court is authorized to impose detention again since it can impose any disposition that could have been originally made. § 32–1–43. Under these circumstances, we see no violation of the child's right against double jeopardy.

■ The child contends due process is violated because the terms of the JIPS probation give the probation officer full discretion to credit the child with a maximum of four days per month, against his twenty-four-day period of incarceration, for the child's good performance in complying with the terms and conditions of the JIPS program. The child argues that this delegation of authority to the probation officer has the effect of allowing the probation officer to act as a police officer, prosecutor, and jury in determining whether a probation violation has occurred. We again note that it is the children's court that imposes the detention. The probation officer does decide whether the child will actually serve time in detention, but only insofar as the probation officer can give the child credit against the time imposed by the court. However, the detention itself was imposed after a hearing, with notice of allegations that the child had violated the conditions of his regular probation. The child was also represented by counsel and given an opportunity to be heard prior to imposition of the JIPS probation. We find no violation of the child's right to due process.

For the reasons discussed above, we affirm the judgment and disposition of the children's court in this matter.

IT IS SO ORDERED.

BIVINS, C.J., and APODACA, J., concur.