This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38611**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**FERNANDO RODRIGUEZ LOPEZ,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred T. Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Walter Hart, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant Fernando Rodriguez Lopez appeals a district court order revoking his probation. He argues that the district court erred in so doing because his underlying plea was not valid and the district court lacked jurisdiction. He also maintains that his underlying convictions of assault upon a peace officer, contrary to NMSA 1978, Section 30-22-22(A)(1) (1971), and battery upon a peace officer, contrary to NMSA 1978, Section 30-22-25(B) (1971), violate double jeopardy. We affirm.

**BACKGROUND**

**{2}** In May 2017, Defendant was charged with four fourth-degree felonies and a misdemeanor after driving a stolen vehicle to a friend's house. That July, he was released on bond. In October, Defendant was confronted by police officers while driving another stolen vehicle, at which time Defendant stopped the vehicle, ran, and while officers were in pursuit, Defendant pepper sprayed them. The officers subsequently apprehended and arrested Defendant, resulting in four additional felony charges as well as a misdemeanor being added to those already pending against him. In February 2018, Defendant filed a notice of intent to resolve both cases pursuant to a plea agreement.[1] That proposed agreement identified that to which Defendant intended to plea no contest by case numbers, count numbers, and criminal charges. After an initial March 2018 plea hearing—which failed because the district court determined that the plea agreement did not comply with the Victim of Crimes Act, NMSA 1978, Section 31-26-4 (1999, amended 2019) (defining a victim's rights)—a second such hearing was successfully held in April in which the district court accepted the plea agreement. During that hearing, defense counsel told the district court that the parties "previously went through the advice of rights and [Defendant] had entered his plea," and that the court needed only to consider whether the plea complied with the Victim of Crimes Act, which Defendant did not dispute. Under the terms of the plea agreement, Defendant was sentenced to twenty-one years, of which twenty were suspended, and eight months later Defendant was released from incarceration to supervised probation. Shortly thereafter, Defendant stopped reporting to his probation officer and failed to pay required fines and fees. The State filed a motion to revoke his probation. Following a probation revocation hearing, the district court granted the State's motion and imposed five additional years of incarceration. Defendant appeals.

**DISCUSSION**

**I.     The District Court Did Not Commit Reversible Error in Revoking Defendant's Probation**

**{3}** Defendant challenges the validity of his no contest plea and asserts that the district court lacked jurisdiction to revoke his probation because it failed to address Defendant in open court to determine if his underlying plea was knowing and voluntary. The State responds that Defendant clearly entered a no contest plea, and because defense counsel represented such to the district court—including that Defendant had been "advised of his rights," "entered his plea," and that the court needed only to determine whether the plea complied with the Victim of Crimes Act—any challenge regarding the validity of the plea constitutes invited error. *See State v. Jim*, 2014-NMCA-089, ¶ 22, 332 P.3d 870 ("It is well established that a party may not invite error and then proceed to complain about it on appeal.").

---

1The plea agreement at issue resolved Case Nos. D-905-CR-2017-00317, arising from the charges related to Defendant's May 2017 conduct, and D-905-CR-2017-00513, arising from Defendant's October 2017 conduct.

**{4}** At the outset, we initially observe that although Article VI, Section 2 of the New Mexico Constitution provides that "an aggrieved party shall have an absolute right to one appeal," "a plea of guilty or nolo contendere, when voluntarily made after advice of counsel and with full understanding of the consequences, waives objections to prior defects in the proceedings and also operates as a waiver of statutory or constitutional rights, including the right to appeal." *State v. Chavarria*, 2009-NMSC-020, ¶ 9, 146 N.M. 251, 208 P.3d 896 (internal quotation marks and citation omitted). "Thus, a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." *Id.* (internal quotation marks and citation omitted).

**{5}** In the present case, Defendant's plea agreement expressly provides that by signing the agreement Defendant "waives the right to appeal the conviction that results from the entry of this plea agreement." *See State v. Rudy B.*, 2010-NMSC-045, ¶ 13, 149 N.M. 22, 243 P.3d 726 ("A provision of a plea agreement waiving the right to appeal is binding on the parties to the same extent that any contractual provision binds the parties to a particular term of a contract."). Because Defendant waived his right to appeal his conviction, to challenge the validity of his plea agreement, he must demonstrate that his plea was not knowing or voluntarily made. *See State v. Moore*, 2004-NMCA-035, ¶ 14, 135 N.M. 210, 86 P.3d 635 ("The burden is on [the d]efendant to demonstrate that the failure to comply with the prescribed plea procedure prejudiced his ability to knowingly and voluntarily enter his plea." (internal quotation marks and citation omitted)). Defendant, however, makes no such argument.

**{6}** Rather, Defendant argues only that the district court failed to "personally address[] him in open court to determine his understanding of the plea, advise him of the fundamental constitutional rights he would be waiving by changing his plea, and evaluate the voluntariness of the plea." Defendant provides no authority for the proposition that the district court is required to utter certain precise words during a plea hearing. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.3d 1329 ("We assume where arguments in briefs are unsupported by cited authority, counsel after diligent search, was unable to find any supporting authority.").

**{7}** Instead, Defendant cites NMSA 1978, Section 30-1-11 (1963), requiring that a "defendant's confession of guilt or a plea of nolo contendere, [is] accepted and recorded in open court." Defendant further cites *State v. Yancey*, 2021-NMCA-009, ¶ 12, 484 P.3d 1008, in which this Court explained that "it is critical that the [district] court ensure that the person who has been accused of particular criminal offenses understands the nature of those offenses before he or she decides to plead guilty." While we reiterate first that under *Moore*, Defendant has failed to argue that his plea was not knowingly and voluntarily entered, we have nonetheless carefully reviewed the record and determine that the events leading to the district court's acceptance of Defendant's plea agreement met the requirements set forth in Section 30-1-11 and were not inconsistent with that required by *Yancey*. Those include Defendant and his counsel's negotiations with the State regarding his plea, defense counsel's representation to the district court that Defendant had already been advised of his rights and accepted a no contest plea

agreement, and Defendant's verbal exchange with the district court—during which Defendant expressed his understanding of his sentence pursuant to the plea agreement, stating, "Right now if I go to prison, I'll do . . . a year . . . and I'll be out . . . by next year . . . latest of May," and explained that his motivations to work, support his ill mother, and provide her a grandchild were the "reason[s he] accepted" the plea agreement. Moreover, the plea agreement signed by Defendant set forth those counts to which he plead no contest.

**{8}** Although we remain unpersuaded by Defendant's argument regarding the validity of his plea, we briefly address Defendant's argument that the district court lacked jurisdiction. Defendant cites *State v. Cruz*, 2021-NMSC-015, ¶ 43, 486 P.3d 1, and *State v. Michael V.*, 1988-NMCA-050, ¶ 1, 107 N.M. 305, 756 P.2d 585, for his jurisdictional argument but neither case bears upon the circumstances in this case. In *Cruz*, our Supreme Court held that the district court lacked jurisdiction to impose a sentence because the defendant was deprived of counsel during his plea in violation of the Sixth Amendment. 2021-NMSC-015 ¶¶ 33, 43. Here, Defendant makes no argument that he was deprived of his right to counsel in signing his plea agreement. Rather, the record demonstrates that Defendant was represented by counsel during negotiations regarding his plea agreement, as well as in the April 9 hearing on the matter.

**{9}** Similarly, in *Michael V.* this Court held that the children's court lacked jurisdiction to revoke a juvenile defendant's probation where the statute relied upon by that court did not permit the length of the sentence imposed. 1988-NMCA-050, ¶¶ 1, 6. Again, such are not the circumstances in this case. Here, Defendant was sentenced following his no contest plea and under an agreement by which he waived the right to appeal. When he violated the terms of probation, his probation was revoked and he was sentenced based upon the underlying sentence originally imposed by the district court. Defendant cites no authority for the proposition that a district court that has imposed a legal sentence pursuant to a no contest plea lacks the authority to revoke a probationary sentence that ensued from such a plea. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. We are aware of no such authority and therefore conclude that Defendant's challenge to the district court's jurisdiction must fail.

## II. Defendant Fails to Demonstrate That His Convictions Violate Double Jeopardy

**{10}** Defendant broadly asserts that his convictions violate double jeopardy. He argues that his convictions for assault upon a peace officer and battery upon a peace officer violate double jeopardy under a double description theory; however, he neither explains his double description theory nor does he complete a double jeopardy analysis. Although not fatal to a double jeopardy claim to plead guilty and not reserve the right to appeal the issue, it is the responsibility of the Defendant to make a proper record in district court from which appellate review is possible. *See State v. Sanchez*, 1996-NMCA-089, ¶ 11, 122 N.M. 280, 923 P.2d 1165 (explaining that a guilty plea does not necessarily waive a claim of double jeopardy, although the defendant should reserve

the issue in the plea agreement and must present a record capable of review for this Court to engage in a double jeopardy analysis); *see also State v. Andazola*, 2003-NMCA-146, ¶ 27, 134 N.M. 710, 82 P.3d 77 (explaining that the defendant's burden to provide a sufficient record and complete the double jeopardy analysis is "fundamentally fair to the state which must have the opportunity to contest [the] defendant's version of the facts" (alterations, internal quotation marks, and citation omitted)). Having failed to preserve the issue below, provide such a record, and complete the double jeopardy analysis, Defendant's effort to litigate double jeopardy on appeal is unpersuasive. We, therefore, consider the issue no further.

**CONCLUSION**

**{11}**　Because Defendant fails to establish that his plea was invalid, that the district court lacked jurisdiction to revoke his probation, or that his convictions violate double jeopardy, we affirm.

**{12}　IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**