This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                    **NO. 30,166**

**GILBERT MARQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Robert M. Schwartz, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

Hugh W. Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Defendant appeals from an order revoking his probation. In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has filed a memorandum in opposition. We have considered Defendant's arguments, and as we are not persuaded by them, we now affirm.

Defendant contends that the district court erred in denying his motion to dismiss the State's motion to revoke probation because Defendant had already finished serving his entire sentence, such that he was no longer subject to probation. [DS unnumbered page 4] We review the revocation of Defendant's probation for an abuse of discretion. *See State v. Phillips*, 2006-NMCA-001, ¶ 10, 138 N.M. 730, 126 P.3d 546 (filed 2005). "To establish an abuse of discretion, it must appear that the district court acted unfairly, arbitrarily, or in manifest error." *Id.*

Defendant was convicted of a number of crimes, for which he was sentenced to ten and a half years' imprisonment. [D-0202-CR-0200301745 RP 87-89] Eight years of the sentence were suspended, and Defendant was to serve five years' probation upon release from custody. [D-0202-CR-0200301745 RP 88-89] Defendant's probation began on May 14, 2006, and was to end on May 13, 2011. [D-0202-CR-0200301745 RP 97] On March 21, 2007, Defendant's probation was revoked and reinstated for the same period of time, but with an additional condition of probation. [D-0202-CR-0200301745 RP 109-10]

On November 9, 2007, the district court entered an order revoking Defendant's probation for the second time. [D-0202-CR-0200301745 RP 149-50] That order reinstated Defendant's original sentence of ten years and six months. [D-0202-CR-0200301745 RP 149-50] Defendant was to receive 1095 days' confinement credit and

credit for 507 days served on probation. [D-0202-CR-0200301745 RP 150] Of the remaining 2230 days of the sentence, the order said that Defendant was to serve 182 days' imprisonment and that 2048 days of the sentence was "suspended without condition." [D-0202-CR-0200301745 RP 150] Despite the fact that this calculation accounted for the full ten years and six months of the sentence, the order also stated in a separate section that Defendant would be required to serve probation for 541 days after serving his 182 days of incarceration. [D-0202-CR-0200301745 RP 150]

Defendant was incarcerated, and upon his release, Defendant apparently again committed acts that would constitute a violation of his probation. The State filed a motion to revoke probation on March 9, 2009. [D-0202-CR-0200301745 RP 157] Defendant moved to dismiss the State's motion, arguing that the portion of the order stating that of the 2230 remaining days of Defendant's sentence, Defendant was to serve 182 days' imprisonment and the final 2048 days were "suspended without condition," should control over the portion of the order stating that Defendant was required to serve an additional 541 days of probation after his 182 days of incarceration. [D-0202-CR-0200301745 RP 167-70] Defendant's argument suggested that his sentence ended when he completed the 182 days of incarceration and that he was not subject to probation after that. In the alternative, Defendant

argued that even if the 541 days of probation were to apply, that period would end on June 16, 2009. [D-0202-CR-0200301745 RP 169]

The State filed a response, pointing out that the two provisions rendered the order internally inconsistent and presenting evidence that the inconsistency may have been due to a form order from the district attorney's office, which has stock language in it providing for when a judge seeks to suspend a sentence without conditions, as well as stock language for when a judge seeks to suspend a sentence and replace incarceration with a term of probation. [D-0202-CR-0200301745 RP 184-88, 200-01] The State's argument and the form order it introduced suggested that the district court had mistakenly filled out both sections in this case. The State argued that this was a clerical mistake that could be corrected by the district court at any time pursuant to Rule 5-113(B) NMRA, and argued that, based on the parties' arguments at the hearing and the district court's statements that Defendant would be subject to probation after he served his sentence, the order should be read to impose a term of probation following Defendant's term of incarceration. [D-0202-CR-0200301745 RP 184-88]

As to Defendant's argument that any period of probation would end on June 16, 2009, the State pointed out that at the hearing, the district court stated that Defendant would serve a 182-day period of incarceration and that the balance of his ten year and six month sentence would be suspended, conditional on probation with the same terms

4

previously imposed. [D-0202-CR-0200301745 RP 185] The State calculated the balance of the term to end on May 12, 2011, because Defendant's entire sentence was 3832 days, he received credit for 1095 days of confinement and 405 days of probation, leaving a balance of 2332 days. [D-0202-CR-0200301745 RP 185 n.1] Of those days, the State agreed that it would not pursue the two and a half year "tail" (or 913 days) for that violation, which left 1419 days of the sentence. Subtracting the 182-day period of incarceration would leave a probationary period of 1237 days. [D-0202-CR-0200301745 RP 185-86 n.1 The State argued that the probationary period of 541 days was a clerical mistake that reflected a shorter period than was intended by either the parties or the court and that it was not clear where the 541-day figure came from. [D-0202-CR-0200301745 RP 186] The district court denied Defendant's motion to dismiss, and entered an order revoking Defendant's probation. [D-0202-CR-0200301745 RP 202, 213-14]

In this Court's notice of proposed summary disposition, we proposed to find no abuse of discretion in the district court's ruling. First, we noted that it appears that the district court did not abuse its discretion in concluding that Defendant was required to serve some period of probation following the 182-day period of incarceration. The November 9, 2007, order was internally inconsistent in that it both suspended the remainder of Defendant's sentence without conditions and imposed probation for a

portion of that sentence. Based on the arguments made in the hearing and the judge's statements that the balance of Defendant's sentence would be suspended "conditional on probation," the district court could have properly found as a factual matter that the court had intended to impose probation following the period of incarceration and resolved the internal inconsistency consistent with that determination. [D-0202-CR-0200301745 RP 197]

In our notice, we also proposed to hold that the district court could have concluded that the November 9 order contained a clerical mistake in that the period of probation was only 541 days, rather than the remainder of the term of the sentence as calculated by the State in its motion—a period of 1237 days that would end on May 12, 2011. Evidence was presented that at the hearing on the second motion to revoke probation, the State asked that probation be reinstated until May 2011, and the district court indicated that it intended to impose probation for the "balance of the term with the same conditions previously imposed." [D-0202-CR-0200301745 RP 193, 197] This appears to be substantial evidence on which the district court could have concluded that the period of 541 days' probation, rather than the balance of Defendant's sentence, which would have been 1237 days' probation, was a clerical mistake, in that it did not cover the remainder of the term as intended by the court. Therefore, we proposed to hold that the period of probation had not yet ended at the

6

time the district court entered its third order revoking Defendant's probation, and the district court had jurisdiction to enter the order. *See State v. Lara*, 2000-NMCA-073, ¶¶ 11-12, 129 N.M. 391, 9 P.3d 74 (holding that a district court lacks jurisdiction to enter an order regarding probation after the probationary period has expired).

In Defendant's memorandum in opposition, he continues to argue that reversal is appropriate, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985). [MIO 1, 5-6]  However, Defendant presents no new facts or argument that would persuade this Court that its proposed summary disposition is in error.  Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm the revocation of Defendant's probation.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**


_____
**ROBERT E. ROBLES, Judge**

7

_____

**TIMOTHY L. GARCIA, Judge**