9 P.3d 74

2000-NMCA-073

STATE of New Mexico, Plaintiff–Appellee,

v.

Manuel LARA, Defendant–Appellant.

No. 20,435.

Court of Appeals of New Mexico.

July 13, 2000.

Patricia A. Madrid, Attorney General, Santa Fe, Steven S. Suttle, Assistant Attorney General, Albuquerque, for Appellee.

Phyllis H. Subin, Chief Public Defender, Susan Gibbs, Will O'Connell, Assistant Appellate Defender, Santa Fe, for Appellant.

## OPINION

ALARID, Judge.

{1} Defendant appeals from the trial court's Order for Unsatisfactory Discharge from Probation (Order). The issue raised by Defendant's appeal is whether the trial court had jurisdiction to enter the Order after the expiration of the probationary period without a prior revocation of probation. We reverse.

## BACKGROUND FACTS

{2} Defendant was convicted of driving while intoxicated (DWI), second or subsequent offense. He entered a no contest plea to the charge and was sentenced to 364 days in the county jail, which was suspended except for time served. Defendant was placed on probation for the remainder of time, which was due to expire March 9, 1999.

{3} While on probation for the DWI charge, Defendant pleaded guilty to disorderly conduct. After learning that Defendant had been arrested and convicted on separate charges, the State filed a Motion for Unsatisfactory Discharge from Probation on February 17, 1999. Prior to the expiration of Defendant's probation term, the trial court ordered Defendant to appear for a hearing on the completion of his probation. On March 15, 1999, following the expiration of Defendant's probation term, the trial court entered its Order finding Defendant had unsatisfactorily completed his probation. Defendant appeals from the Order.

## DISCUSSION

{4} Both parties agree that the trial court's authority in this matter is governed by NMSA 1978, § 31-20-8 (1977). It provides:

> Whenever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime. He shall thereupon be entitled to a certificate from the court so reciting such facts, and upon presenting the same to the governor, the defendant may, in the discretion of the governor, be granted a pardon or a certificate restoring such person to full rights of citizenship.

"Interpretation of a statute is an issue of law, not a question of fact. We review questions of law de novo." State v. Rowell, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) (citations omitted).

{5} Defendant argues the trial court lacked jurisdiction to impose a sanction, to order him to appear in court, or to rule on the nature of his compliance with the conditions of his probation, after the term of probation expired. He contends his probation term expired without a revocation of the order of probation, and he was entitled to the issuance of a certificate under the statute. Defendant asserts the trial court's jurisdic-

tion under the statute is limited to a ministerial review of the file to determine if a revocation has occurred. Thus, if a revocation of the order of probation has not occurred, the trial court must issue a certificate under the mandatory language of the statute.

{6} When interpreting a statute, we bear in mind that

[t]he main goal of statutory construction is to give effect to the intent of the legislature. To do this, we look to the object the legislature sought to accomplish and the wrong it sought to remedy. The words of a statute ... should be given their ordinary meaning, absent clear and express legislative intention to the contrary.

*Id.* (citations and internal quotation marks omitted). Section 31–20–8 provides that a defendant is relieved of any court imposed obligations and has satisfied his criminal liability for the crime "[w]henever the period of suspension expires without revocation of the order." "This court has construed identical language in NMSA 1978, Section 31–20–9 (Repl.Pamp.1981), relating to deferred sentences, as terminating the court's authority to revoke probation beyond the expiration of the probation term." *State v. Apache,* 104 N.M. 290, 291–92, 720 P.2d 709, 710–11 (Ct. App.1986) (citing *State v. Travarez,* 99 N.M. 309, 657 P.2d 636 (Ct.App.1983)).

{7} The statute further states that once the period of suspension expires without revocation of probation, the defendant "shall thereupon be entitled to a certificate" of satisfactory completion. Section 31–20–8. The statute is clear. When the term of probation ends without a revocation of probation, the trial court is mandated by statute to issue a certificate of satisfactory completion. *See State v. Lujan,* 90 N.M. 103, 105, 560 P.2d 167, 169 (1977) ("The words 'shall' and 'must' generally indicate that the provisions of a statute are mandatory and not discretionary.").

{8} The State's argument requires a strained construction of Section 31–20–8. The State contends the statutory language that a probationer is entitled to a certificate "[w]henever the period of suspension expires" can only be interpreted to mean that the trial court cannot evaluate a probationer's performance until after the probation period ends. It asserts the statute does not state "during" or "near the end" of a probationary term. However, this argument ignores the entire phrase, which states "[w]henever the period of suspension expires *without [the] revocation of the order.*" Section 31–20–8 (emphasis added). *See Apache,* 104 N.M. at 291–92, 720 P.2d at 710–11 ("In construing statutes, courts must look to the language used in the act or statute as a whole."). This language implies that absent a revocation of the probation order prior to the expiration of the probation term, the trial court is bound by the mandate of the statute.

{9} Contrary to the State's contention, it is not necessary to wait until after probation term ends to evaluate the probationer's performance. The State can pursue a certificate of unsatisfactory completion as soon as it becomes aware of a probationer's violation. The statute governing the return of a probation violator states "[a]t any time *during* probation: ... the court may issue a notice to appear to answer a charge of violation." *See* NMSA 1978, § 31–21–15(A)(2) (1989) (emphasis added). This is consistent with our interpretation that the trial court only has jurisdiction to review a probationer's performance during the probation term.

{10} In *Travarez,* this Court addressed a similar issue under Section 31–20–9. While the defendant was serving his probation, the state filed a petition to revoke probation. The petition was granted, but not until after the defendant had completed serving his probation. 99 N.M. at 310, 657 P.2d at 637. Stating that because Section 31–20–9 "relieves defendant of any obligations imposed on him by order of the court when the period of a deferred sentence expires, and he is deemed then to have satisfied his liability for the crime," this Court held that the trial court lacked jurisdiction to revoke the probation after the period of probation expired. *Id.* at 311, 657 P.2d at 638. Like Section 31–20–9 on deferred sentences, Section 31–20–8 has the effect of satisfying a defendant's criminal liability when the period of probation expires. *See* § 31–20–8 (stating that when suspended sentence has been completely served, defen-

dant has satisfied his liability for the crime); *see also Travarez*, 99 N.M. at 311, 657 P.2d at 638 ("It is within the power of the legislature alone to define the court's jurisdiction over the sentencing of offenders.").

{11} Here, the period of suspension had expired without revocation of the order at the time the trial court entered its finding of unsatisfactory completion. The State filed its Motion for Unsatisfactory Discharge from Probation on February 17, 1999, before Defendant's term of probation was due to expire March 9, 1999. However, the motion was neither heard nor ruled upon until March 15, 1999, after the period of suspension had expired. Under *Travarez*, completely serving a deferred sentence satisfies a defendant's criminal liability for a crime, and the trial court lacks further jurisdiction over the defendant, even though the motion to revoke the sentence has already been filed. We see no reason for a different result in this case. Insofar as the State contends Defendant was not punished in any way, and therefore, *Travarez* is inapplicable, we disagree. Contrary to the statute, Defendant was given an unsatisfactory discharge when he was entitled to a certificate of satisfactory discharge. *See* § 31–20–8 (stating that when suspended sentence has been completed, "the defendant is relieved of any obligations imposed on him by the order of the court[,] . . . has satisfied his liability for the crime[,] . . . [and] shall thereupon be entitled to a certificate from the court so reciting").

{12} Therefore, we hold that the trial court is without jurisdiction to enter an order of unsatisfactory completion after the probation period ends. If the State seeks a certificate of unsatisfactory completion, it must obtain an order of the court prior to the end of the defendant's probation term.

{13} Our holding is supported by analogous authority in New Mexico. *See State v. Gaddy*, 110 N.M. 120, 792 P.2d 1163 (Ct.App. 1990). In *Gaddy*, the defendant challenged the trial court's jurisdiction to enhance his sentence after he had completed serving the underlying sentence. *See id.* at 121, 792 P.2d at 1164. Relying on *March v. State*, 109 N.M. 110, 782 P.2d 82 (1989), this Court reasoned that the underlying sentence was valid until the trial court found the defendant to be a habitual offender and enhanced the sentence. *See Gaddy*, 110 N.M. at 122, 792 P.2d at 1165. It was reasonable for the defendant to expect that if he completed the underlying sentence before the state could prove he was a habitual offender, he satisfied his criminal liability and his underlying sentence was not subject to enhancement. *See id.* This Court also relied on *Travarez*, stating the case was significant "because it reflects this court's perception of a legislative intent to deprive trial courts of jurisdiction to alter sentences once those sentences have been satisfied." *Id.* at 123, 792 P.2d at 1166.

{14} In addition, Defendant asserts the trial court's entry of unsatisfactory completion violates his due process rights. He argues that an order of unsatisfactory discharge from probation has the effect of materially delaying and restricting his right to apply for an executive pardon, and therefore, implicates his due process rights. *See State v. Carrasco*, 1997–NMCA–123, ¶ 8, 124 N.M. 320, 950 P.2d 293. Defendant contends that when the probation period expired without the court having either imposed the suspended sentence, or revoked his probation, he had a reasonable expectation in the finality of his sentence. Once the probation period expired, he was entitled to rely on the statute and the court's lack of jurisdiction over him. Because we base our holding on the trial court's lack of jurisdiction to enter the order, we need not address Defendant's due process arguments.

{15} Based on the foregoing, we hold the trial court lacked jurisdiction to order Defendant to appear or to enter the order of unsatisfactory completion after Defendant had completed his probation term. We reverse and remand with instructions to enter a certificate of satisfactory completion.

{16} **IT IS SO ORDERED.**

PICKARD, Chief J., and WECHSLER, J., concur.