2007-NMCA-048

157 P.3d 66

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**KATRINA G., Child–Appellant.**

No. 25,781.

Court of Appeals of New Mexico.

March 5, 2007.

Gary K. King, Attorney General, Santa Fe, NM, Steven S. Suttle, Assistant Attorney General, Albuquerque, NM, for Appellee.

Baber, Silva & Grano Law Firm, David R. Silva, Las Vegas, NM, for Appellant.

## OPINION

BUSTAMANTE, Judge.

{1} The question presented is whether the children's court retains jurisdiction to hear a timely petition to revoke a child's probation after the probation period expires. We hold that Rule 10–226 NMRA governs the time limits within which the children's court must hear a petition to revoke probation. Concluding that the hearing in this case took place within the applicable time limit, we affirm.

### BACKGROUND

{2} On May 10, 2004, the children's court attorney in San Miguel County filed a petition against Katrina G. (Child) alleging the offense of unlawful carrying of a deadly weapon on school premises contrary to NMSA 1978, § 30–7–2.1 (1994). On Septem-

ber 1, 2004, the Child entered into a plea agreement in which she admitted to the offense and agreed to the entry of a consent decree. The children's court approved the consent decree and placed the Child on supervised probation for a six-month period beginning September 1, 2004, and ending March 1, 2005.

{3} On February 21, 2005, the children's court attorney filed a petition styled as a "petition to revoke probation" pursuant to NMSA 1978, § 32A–2–24 (1993). Although neither party raised the issue, it appears that the children's court attorney actually intended to file a petition to revoke the consent decree under NMSA 1978, § 32A–2–22(D) (2005). The distinction between the two sections is that Section 32A–2–24 governs petitions to revoke a probation incident to an adjudication of delinquency, whereas Section 32A–2–22(D) addresses petitions to revoke a consent decree, which also may have an associated probation period. *Compare* Section 32A–2–24(A) ("A child on probation *incident to an adjudication as a delinquent child* . . . may be proceeded against in a probation revocation proceeding.") (emphasis added) *with* Section 32A–2–22(D) ("If . . . the child allegedly fails to fulfill the terms of the [consent] decree, the children's court attorney may file a petition to revoke the *consent decree*.") (emphasis added); *see also In re Crystal L.,* 2002–NMCA–063, ¶ 8, 132 N.M. 349, 48 P.3d 87 ("Consent decrees exist as an alternative to adjudication of delinquency in the juvenile justice system."). Thus, the proper procedure for revoking a child's probation incident to a consent decree is to petition for revocation of the consent decree itself. The State's confusion is understandable, however, since the procedure for revoking either type of juvenile probation is the same. *See* Section 32A–2–22(D) ("Proceedings on the petition [to revoke a consent decree] shall be conducted in the same manner as proceedings on petitions to revoke probation."). Moreover, despite the misleading title of the petition and the State's initial citation to Section 32A–2–24, the parties and the children's court proceeded as if the petition were a petition to revoke the consent decree under Section 32A–2–22(D). We therefore find no error in this regard and

treat the petition as a petition to revoke the consent decree—and its associated probation—under Section 32–A–2–22(D). Accordingly, we refer to the petition throughout this opinion as the "petition to revoke the consent decree."

{4} The petition to revoke the consent decree contained allegations that the Child violated the consent decree and the conditions of her probation in that, on or about the dates of January 13 and 14, 2005, she: (1) was charged with the crime of involuntary manslaughter; (2) possessed a handgun; and (3) admitted that she consumed alcohol and/or controlled substances. No hearing on the petition to revoke the consent decree had taken place by the time the Child's probation ended on March 1, 2005. Several days later, Child filed a motion to dismiss the petition on the grounds that the children's court no longer had jurisdiction over the matter because the probation period had expired. The children's court held a hearing on both the Child's motion to dismiss and the State's petition to revoke the consent decree on April 7, 2005.

{5} At the hearing, counsel for the Child argued that, under this Court's decision in *State v. Lara,* 2000–NMCA–073, 129 N.M. 391, 9 P.3d 74, a hearing on a petition to revoke a consent decree must take place before the associated probation period expires, otherwise the district court lacks jurisdiction to hear the matter. The children's court disagreed and denied Child's motion to dismiss. The court reasoned that the Children's Code, unlike NMSA 1978, § 31–20–8 (1977), which was the statute at issue in *Lara,* does not require that the hearing on a petition to revoke a consent decree take place before the expiration of the associated probation period. The children's court entered its written order denying Child's motion to dismiss on April 15, 2005, and Child timely appealed from that order. The children's court subsequently entered a written order revoking Child's consent decree.

{6} The sole issue Child advances on appeal is whether the children's court had jurisdiction to hear the State's petition to revoke

the consent decree after the Child's probation period had expired.

## DISCUSSION

### The Children's Court May Hear a Timely Filed Petition to Revoke a Consent Decree After the Probation Period Expires.

 {7} Whether the children's court has jurisdiction to hear a petition to revoke a consent decree after the associated probation period expires is a question of law that we review de novo. *State v. Rowell*, 121 N.M. 111, 114, 908 P.2d 1379, 1382 (1995) ("We review questions of law de novo."). Section 32A–2–22(D) sets forth the conditions under which the children's court attorney may file a petition to revoke a consent decree and reads as follows:

> If either prior to discharge by probation services or expiration of the consent decree the child allegedly fails to fulfill the terms of the decree, the children's court attorney may file a petition to revoke the consent decree. Proceedings on the petition shall be conducted in the same manner as proceedings on petitions to revoke probation [under Section 32A–2–24]. If the child is found to have violated the terms of the consent decree, the court may:
>
> (1) extend the period of the consent decree; or
>
> (2) make any other disposition that would have been appropriate in the original proceeding.

Rule 10–225(C) NMRA similarly states:

> **C. Revocation of consent decree.** If, prior to the expiration of the consent decree, the child allegedly fails to fulfill the terms of the decree, the children's court attorney may file a petition to revoke the consent decree. Proceedings on the petition shall be conducted in the same manner as proceedings on petitions to revoke probation [under Rule 10–232 NMRA].

The committee commentary to Rule 10–225 explains that, "[s]ince a consent decree is essentially a negotiated probationary period, the original committee felt that the proceedings to revoke the consent decree should follow the procedure to revoke probation contained in Rule 10–232 NMRA." *Id.* comm.

cmt. Therefore, both Section 32A–2–22 and Rule 10–225 require that, in order to revoke a child's probation incident to a consent decree, the children's court attorney must follow the procedures to revoke probation contained in Section 32A–2–24 and Rule 10–232, respectively.

{8} The State may file a petition to revoke probation "any time prior to expiration of the period of probation." Rule 10–232(C)(4). Because probation revocation proceedings "shall be conducted in the same manner as proceedings on petitions alleging delinquency," Rule 10–232(C), the children's court must hear the petition to revoke probation within the time limits set forth in Rule 10–226. *Accord* NMSA 1978, § 32A–2–15 (1993) ("The adjudicatory hearing in a delinquency proceeding shall be held in accordance with the time limits set forth in the Children's Court Rules and Forms."); *see also State v. Doe*, 93 N.M. 621, 625, 603 P.2d 731, 735 (Ct.App.1979) (stating that the time limit for petitions alleging delinquency applies to probation revocation proceedings by operation of Rule 51(a), the predecessor to Rule 10–232(C)).

{9} Child does not allege that the State failed to follow the procedures set forth in Section 32A–2–24 or Rule 10–232 in filing its petition to revoke the consent decree. To the contrary, Child concedes that the State timely filed the petition. Instead, Child's argument focuses on whether Subsection E of Section 32A–2–22 required the children's court to hear the petition to revoke the consent decree before the associated probation period expired. Subsection E states, in relevant part:

> A child who is discharged by probation services or who completes a period under supervision without reinstatement of the original delinquency petition shall not again be proceeded against in any court for the same offense alleged in the petition or an offense based upon the same conduct and the original petition shall be dismissed with prejudice.

Section 32A–2–22(E). Child's argument is that she completed the period under supervision without reinstatement of the original delinquency petition because reinstatement

could only occur after a hearing and a finding that Child violated the conditions of her probation. Child further points to our decision in *Lara* as support for her argument that the children's court could only have heard the petition to revoke the consent decree before the associated probation period expired. Thus, according to Child, the children's court was deprived of jurisdiction to hear the petition once the probation period expired on March 1, 2005. Finally, Child asserts that, even if the children's court could have heard the petition to revoke beyond the probation expiration date, Child was in detention when the State filed the petition and, therefore, the court failed to hold the hearing within the applicable time limit set forth in Rule 10–226(A).

{10} We first examine whether there is merit to Child's contention that Section 32A–2–22(E) imposed a time limit on the children's court to hear the petition to revoke the consent decree. Next, once we have determined which rule of law governs time limits in this context, we address whether the children's court timely held the hearing on the petition.

**1. Rule 10–226 Governs the Time Within Which the Children's Court Must Hear a Petition to Revoke a Consent Decree**

{11} Child's argument that Section 32A–2–22(E) imposes a time limit on the children's court is unpersuasive. First, to the extent Child argues that the April 7, 2005, proceeding on the petition to revoke probation violated her double jeopardy rights under Section 32A–2–22(E), she is mistaken. Section 32A–2–22(E) provides that the State may not proceed against a successful probationer, i.e., one "who is discharged by probation services or who completes a period under supervision without reinstatement of the original delinquency petition," for the same offense or an offense based upon the same conduct that was alleged in the original delinquency petition. However, we have previously held that a probation revocation proceeding does not implicate double jeopardy because it "is not a new criminal trial to impose new punishment, but instead is a hearing to determine whether, during the probationary … period, the defendant has

conformed to or breached the course of conduct outlined in the probation … order." *In re Lucio F.T.*, 119 N.M. 76, 77, 888 P.2d 958, 959 (Ct.App.1994) (internal quotation marks and citation omitted (alterations in original)). "Any disposition resulting from the revocation of [one's] probation relates back to his [or her] original delinquent act and replaces the original disposition." *Id.* at 78, 888 P.2d at 960. Thus, for the purposes of Section 32A–2–22(E), the State was not "proceeding against" Child a second time by virtue of filing its petition to revoke the consent decree.

{12} Second, and more importantly, Child's reliance on Section 32A–2–22(E) is misplaced because that section does not specifically address the time limits within which the children's court must rule on a petition to revoke probation. In contrast, as mentioned above, the Children's Code explicitly mandates that the time limits set forth in Rule 10–226 govern proceedings on a petition to revoke probation incident to a consent decree, although it does so somewhat circuitously. First, Section 32A–2–22(D) requires petitions to revoke probation incident to a consent decree to be "conducted in the same manner as proceedings on petitions to revoke probation." Section 32A–2–22(D). Next, Section 32A–2–24 governs petitions to revoke probation and states that "proceedings to revoke probation shall be governed by the procedures, rights and duties applicable to proceedings on a delinquency petition." Section 32A–2–24(B). This leads to Section 32A–2–15, which requires that adjudicatory hearings in delinquency proceedings follow the time limits "set forth in the Children's Court Rules and Forms." Section 32A–2–15. Those time limits are found in Rule 10–226, which is entitled "Adjudicatory hearing; time limits." Therefore, the Children's Code explicitly mandates the use of Rule 10–226 for determining the applicable time limit within which the children's court must hear a petition to revoke a consent decree.

{13} Nevertheless, Child appears to argue that Section 32A–2–22(E) provides an implicit time limit in that it requires dismissal of her case with prejudice if she "completes a

period under supervision without reinstatement of the original delinquency petition." Section 32A–2–22(E). According to Child, Section 32A–2–22(E) required the children's court to hear the State's petition, revoke the consent decree and reinstate her original delinquency petition before she "completed" the probation. As support for this argument, Child cites to *Lara*, a case in which we held that, under Section 31–20–8, the district court was without jurisdiction to enter an order of unsatisfactory completion once the defendant's probation period ended. *Lara*, 2000–NMCA–073, ¶ 12, 129 N.M. 391, 9 P.3d 74.

{14} The defendant in *Lara* was an adult who was convicted on a driving while intoxicated (DWI) charge. *Id.* ¶ 2. He entered a plea of no contest and the district court suspended his sentence and placed him on probation. *Id.* While on probation, the defendant pled guilty to a charge of disorderly conduct based on a separate incident. *Id.* ¶ 3. The State moved for an unsatisfactory discharge from probation prior to the expiration of the probation period, but the district court did not hold the hearing on the motion until after the probation period expired. *Id.* The court eventually found that the defendant had unsatisfactorily completed his probation. *Id.* The defendant appealed, arguing that, under Section 31–20–8, the district court was without jurisdiction to find that he had unsatisfactorily completed his probation and that, to the contrary, he was entitled to a certificate of completion. *Lara*, 2000–NMCA–073, ¶ 5, 129 N.M. 391, 9 P.3d 74. Focusing on the language of Section 31–20–8, we agreed with the defendant. *Lara*, 2000–NMCA–073, ¶¶ 5, 12, 129 N.M. 391, 9 P.3d 74.

{15} While *Lara* has some superficial similarities in common with the present case, it is distinguishable in several important respects. First, *Lara* is an adult case involving a statute that is inapplicable in the juvenile context. *Cf. State v. Dennis F.*, 104 N.M. 619, 621, 725 P.2d 595, 597 (Ct.App.1986) (discussing differences between the Children's Code and statutes pertaining to adult offenders in the probation context). Second, Section 31–20–8, the statute at issue in *Lara*, is very specific in terms of its impact on the district court's jurisdiction to find that a defendant failed to satisfactorily complete his or her probation. Section 31–20–8 reads as follows:

> Whenever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him by the order of the court and has satisfied his criminal liability for the crime. He shall thereupon be entitled to a certificate from the court so reciting such facts[.]

Unlike Section 32A–2–22(E), Section 31–20–8 focuses specifically on the expiration of the period of suspension without revocation of the suspension order and mandates that, under such circumstances, the defendant shall "be entitled to a certificate from the court so reciting such facts." Thus, Section 31–20–8 sets forth an explicit deadline—the expiration of the period of suspension—by which the district court must revoke the suspension order.

{16} In contrast, Section 32A–2–22(E) simply states that a child is entitled to have his or her case dismissed if the child "completes a period under supervision without reinstatement of the original delinquency petition." Section 32A–2–22(E). It is unclear whether completion without reinstatement means what Child here asserts, i.e., that the children's court has not acted on a petition to revoke a consent decree before the associated probation period expires. Completion without reinstatement could also mean completion without *eventual* reinstatement. The emphasis appears to be on the lack of reinstatement in general, not necessarily the lack of reinstatement by a certain time.

{17} Section 31–20–8 clearly evinces the legislature's intent to require a hearing before the expiration of the probation period in the adult context. Had it intended to do so, the legislature certainly knew how to draft Section 32A–2–22(E) to have a similar effect. *See Patterson v. Globe Am. Cas. Co.*, 101 N.M. 541, 543, 685 P.2d 396, 398 (Ct.App. 1984) (determining by negative inference that, where legislature demonstrates that it knows how to create certain remedies, the fact that it did not create one suggests that it did not intend to do so), *superseded by stat-*

*ute on other grounds as stated in Journal Publ'g Co. v. Am. Home Assurance Co.,* 771 F.Supp. 632, 635 (S.D.N.Y.1991). We cannot ignore the fact that the legislature chose not to emphasize the expiration of the probation period when it drafted Section 32A–2–22(E). *See State v. Davis,* 2007–NMCA–022, ¶¶ 7–9, 141 N.M. 205, 152 P.3d 848 (holding that the rule in *Lara* has no bearing on when the State may refile charges against a defendant participating in the preprosecution diversion (PPD) program because the PPD Act lacks the specific language of the sentencing statutes at issue in *Lara,* which address unique jurisdictional concerns).

{18} Looking at Section 32A–2–22 in its entirety, it appears that Subsection E is intended for another purpose altogether. We find it significant that Section 32A–2–22 addresses situations in which proceedings have been suspended and there has been no adjudication of delinquency. Under these circumstances, Subsection E provides a double jeopardy-like protection once a child successfully completes his or her obligations under a consent decree. Such a provision is necessary since, in light of the suspended state of the proceedings, jeopardy otherwise would not attach and the State would be free to reprosecute. *See State v. Gomez,* 2006–NMCA–132, ¶ 9, 140 N.M. 586, 144 P.3d 145 ("Jeopardy begins or attaches when the trier of fact is empowered to decide guilt or innocence[.]" (internal quotation marks and citations omitted)).

{19} Finally, *Lara* is distinguishable in that the statutory scheme in that case did not mandate the use of time limits set forth in the court rules. In the present case, however, the Children's Code clearly provides that the applicable time limits are set forth in Rule 10–226. Given our holding in prior cases that "the Children's Code must be read as an entirety," *State v. Henry L.,* 109 N.M. 792, 794, 791 P.2d 67, 69 (Ct.App.1990), we conclude that Section 32A–2–22(E) does not impose a time limit on the children's court and that Rule 10–226 governs the applicable time limits in this context. We now turn to the question of whether the children's court timely heard the State's petition to revoke the consent decree under Rule 10–226.

**2. The Children's Court Timely Heard the Petition to Revoke the Consent Decree Under Rule 10–226.**

■ {20} Rule 10–226 sets forth different time limits depending on whether or not the child is in detention. If the child is in detention, the hearing must take place within thirty days from the latest of a list of triggering events, such as the date the petition is served on the child or the date the child is placed in detention. Rule 10–226(A). If the child is not in detention, the hearing must take place within 120 days from the latest of a similar list of triggering events. Rule 10–226(B). We have previously analyzed Rule 10–226 and stated that

> The shorter time limit in Rule 10–226(A) applies to a detained child pending adjudicatory hearing because the State has not proven allegations against the child. The shorter time limit protects the child's liberty interests. When a child is not in detention awaiting the adjudicatory hearing, however, his or her liberty interests are not implicated.

*State v. Anthony M.,* 1998–NMCA–065, ¶ 9, 125 N.M. 149, 958 P.2d 107. Therefore, "the fact that a child is in detention in one case does not ordinarily affect the time schedule of another different case alleging delinquency." *State v. Isaiah A.,* 1997–NMCA–116, ¶ 9, 124 N.M. 237, 947 P.2d 1057 (internal quotation marks and citation omitted). If the children's court fails to hear a petition to revoke a consent decree within the time limits set forth in Rule 10–226, the proper remedy is to dismiss the petition with prejudice. Rule 10–226(F); *Doe,* 93 N.M. at 625, 603 P.2d at 735.

{21} Child alleges that she was in detention beginning on January 14, 2005, and that the thirty-day limit under Rule 10–226(A) therefore should have applied. However, Child points to nothing in the record demonstrating that she was in detention on her original delinquency petition and not as a result of the subsequent charges that prompted the children's court attorney to file the petition to revoke her consent decree. What the record does reflect, however, is that prior to January 14, 2005, Child was not

508

in detention because she was serving out a probation term as a condition of her consent decree. Furthermore, the State's petition to revoke the consent decree recites that Child "has been cited for, *detained* and charged with the crime of involuntary manslaughter, which occurred on January 14, 2005." (Emphasis added). We therefore conclude that Child was not in detention and that the 120–day time limit set forth in Rule 10–226(B) applied. Thus, because the hearing took place on April 7, 2005, which was well within 120 days of any of the triggering events listed in Rule 10–226(B), the children's court did not err in denying Child's requested relief.

**CONCLUSION**

{22} For the foregoing reasons, we affirm.

{23} **IT IS SO ORDERED.**

WE CONCUR: A. JOSEPH ALARID and RODERICK T. KENNEDY, Judges.