**Certiorari Granted, October 18, 2010, No. 32,589**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-095**

**Filing Date: August 9, 2010**

**Docket No. 28,297**

**STATE OF NEW MEXICO,**

 **Plaintiff-Appellant,**

**v.**

**JOSE ALFREDO ORDUNEZ,**

 **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Stephen Bridgforth, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Carlos Ruiz de la Torre, Assistant Appellate Defender
Santa Fe, NM

for Appellee

**OPINION**

**WECHSLER, Judge.**

**{1}** The State appeals from the district court's dismissal of probation revocation proceedings against Defendant in his driving while under the influence of intoxicating liquor or drugs (DWI) case for lack of jurisdiction. The district court concluded that it had no jurisdiction to address a statutory provision that denies credit to DWI offenders for time served on probation if they violate probation and the court does not revoke probation before

1

the probationary period is concluded. We agree with the district court's interpretation of the statutes and hold that revocation of a defendant's probation and resultant forfeiture of probation credit must be ordered by the district court before the original period of probation expires. We therefore affirm.

## BACKGROUND

**{2}** Following a guilty plea, Defendant was convicted for aggravated driving while under the influence of intoxicating liquor (refusal) and driving while license suspended or revoked. Defendant committed the crimes on August 30, 2004 and was a repeat DWI offender with three prior convictions. The judge sentenced Defendant to a total term of two years and 181 days, with six months and seven days to be served in the detention center and the remainder of the sentence (one year and six months and 174 days) suspended subject to supervised probation. The order of probation provided that Defendant is "under probation supervision until 10/19/2007." On September 7, 2007, the State filed a petition to revoke probation based on Defendant's August 18, 2007 arrest for driving while intoxicated and consumption of alcohol. The district court initially scheduled the probation revocation hearing for October 25, 2007 and then reset the hearing for December 20, 2007. Although the State filed its September 7, 2007 petition to revoke probation during the time Defendant was still subject to supervised probation, the hearing on the State's petition was not scheduled until after the supervised probation period was set to expire on October 19, 2007. Prior to the scheduled probation revocation hearing, the State filed an amended petition to revoke probation to include allegations that Defendant also violated probation on November 14, 2007, by failing breathalyzer tests administered by his probation officer. At the probation revocation hearing, Defendant successfully moved to dismiss the proceedings, arguing that the district court lost jurisdiction because Defendant's original period of probation had already expired. The district court granted the motion to dismiss, and this appeal followed.

## APPLICABLE LAW

**{3}** Before considering whether the district court erred in dismissing for lack of jurisdiction, we address the parties' assumption that the applicable law is the 2004 version of NMSA 1978, Section 66-8-102 (2004) (amended 2008). The parties indicate that the 2004 version applies because the underlying crimes upon which the probation was based occurred on August 30, 2004. *See generally State v. Allen*, 82 N.M. 373, 374, 482 P.2d 237, 238 (1971) (providing that the law in effect at the time of commission of the offense is controlling). However, after Defendant's case was finalized and while he was serving probation, Section 66-8-102 was amended several times before Defendant allegedly violated his probation on August 17, 2007. Even though Defendant was still serving probation, his case was not considered pending for purposes of our state constitutional provision that prohibits the Legislature from changing the rights or remedies of the parties to a pending case. *See* N.M. Const. art. IV, § 34 (providing that "[n]o act of the [L]egislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case"); *State v. Druktenis*, 2004-NMCA-032, ¶¶ 39-43, 135 N.M. 223, 86 P.3d 1050

(noting that a change in the law that takes effect while a defendant is serving probation is the applicable law for purposes of a subsequent probation revocation proceeding because the case was not pending for purposes of Article IV, Section 34 of the New Mexico Constitution). Accordingly, because Defendant allegedly violated his probation on August 17, 2007, the 2007 version of Section 66-8-102 was the applicable law for purposes of Defendant's probation revocation proceeding.

**{4}** Although the parties and the district court relied on the 2004 version of Section 66-8-102, we nevertheless take it upon our own initiative to apply the 2007 version of the statute because the sentencing authority of the court is at issue. *See State v. Hunter*, 2001-NMCA-078, ¶ 8, 131 N.M. 76, 33 P.3d 296 (noting that the district court's sentencing authority is a jurisdictional matter that can be considered for the first time on appeal); *State v. McNeece*, 82 N.M. 345, 345-46, 481 P.2d 707, 707-08 (Ct. App. 1971) (noting that, although the parties did "not question which statute is the applicable one," the use of an inapplicable statute calls into question the jurisdiction of the sentencing court and may be raised sua sponte by the appellate court because the "[l]ack of jurisdiction at any stage of a proceeding is a controlling consideration to be resolved before going further" (alteration in original) (internal quotation marks and citation omitted)); *see also Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."). While the relevant provisions of the 2004 and 2007 statutes are similar in many respects, there is one significant distinction under the circumstances of this case. In particular, Subsection (E) only applied to first-time DWI offenders. We note that, because of this distinction, the State could not have relied on that statute to deprive Defendant of credit for time served on probation because Defendant was a repeat DWI offender. Nevertheless, Subsection (S) of the 2007 statute contains the same provisions included in Subsection (E) of the 2004 version, but Subsection (S) of the 2007 statute is applicable to all levels of DWI offenders who violate probation—including Defendant.

**INTERPRETATION OF SECTION 66-8-102(S)**

**{5}** Having established the applicable statute, we next consider its effect de novo. *See French-Hesch v. French-Williams*, 2010-NMCA-008, ¶ 4, 147 N.M. 620, 227 P.3d 110 (filed 2009) ("The interpretation of statutes is a question of law that we review de novo."). We read statutes harmoniously with each other whenever possible, *State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022, and we interpret statutes "to facilitate and promote the [L]egislature's accomplishment of its purpose." *State v. Rivera*, 2004-NMSC-001, ¶ 12, 134 N.M. 768, 82 P.3d 939 (filed 2003) (internal quotation marks and citation omitted). We do not construe statutes to result in absurdity or to defeat legislative intent. *State v. Herrera*, 86 N.M. 224, 226, 522 P.2d 76, 78 (1974). Instead, "[w]e seek to give meaning to all parts of the statute, such that no portion is rendered surplusage or meaningless." *Int'l Ass'n of Firefighters v. City of Carlsbad*, 2009-NMCA-097, ¶ 11, 147 N.M. 6, 216 P.3d 256, *cert. denied*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360.

3

**{6}**     Section 66-8-102(S) provides as follows:

> With respect to this section and notwithstanding any provision of law to the contrary, if an offender's sentence was suspended or deferred in whole or in part and the offender violates any condition of probation, the court may impose any sentence that the court could have originally imposed and credit shall not be given for time served by the offender on probation.

For ease of reference, we will refer to the foregoing provision as the no-credit provision. The Legislature's intent in Section 66-8-102(S) is apparent from the plain language—if a defendant violates the terms of probation, the court may impose any sentence that could have originally been imposed with no credit given for time served. *See id.*; *see also Albuquerque Bernalillo County Water Util. Auth. v. N.M. Pub. Regulation Comm'n*, 2010-NMSC-013, ¶ 52, 148 N.M. 21, 229 P.3d 494 ("In discerning the Legislature's intent, we are aided by classic canons of statutory construction, and [w]e look first to the plain language of the statute, giving the words their ordinary meaning, unless the Legislature indicates a different one was intended." (alteration in original) (internal quotation marks and citation omitted)). The Legislature's inclusion of "notwithstanding any provision of law to the contrary" in Section 66-8-102(S) indicates that the Legislature intended this bar to be applied, notwithstanding any provision of law that might otherwise be read to allow a defendant credit for time served. In other words, if a defendant attempted to argue that credit should be given, the "notwithstanding" language makes clear that the no-credit provision would prevail. In this case, Defendant was accused of violating his probation; therefore, the State argued for imposing a new sentence and maintained that, pursuant to Section 66-8-102, Defendant should not receive credit for time served on probation.

**{7}**     Generally, if a probation violation is established when there is a suspended sentence, "the court may continue the original probation, revoke the probation and either order a new probation . . . or require the probationer to serve the balance of the sentence imposed or any lesser sentence." NMSA 1978, § 31-21-15(B) (1989). In determining the balance of the sentence, the defendant is entitled to credit for any time served on probation. *See State v. Baca*, 2005-NMCA-001, ¶ 21, 136 N.M. 667, 104 P.3d 533 (filed 2004) (recognizing that "[a] probationer whose sentence has been suspended is entitled to credit against his or her sentence for the time served on probation").

**{8}**     However, as noted above, even though the State filed its petition to revoke probation before Defendant's period of probation was set to expire, a hearing on the petition was not held until after the original period of probation had expired. NMSA 1978, Section 31-20-8 (1977) states that, when a period of suspension expires without revocation of a defendant's probation, "the defendant is relieved of any obligations imposed on him." The Legislature's intent in Section 31-20-8 is also apparent from the statute's plain language—if a defendant satisfies his probation period without revocation, he is relieved of further obligations. *See Albuquerque Bernalillo County Water Util. Auth.*, 2010-NMSC-013, ¶ 52 (stating that we look to the plain language of a statute when discerning legislative intent, giving words their

4

ordinary meaning). In other words, the district court must hold a hearing before the expiration of the defendant's probation period, after which point it loses jurisdiction to do so. *See State v. Katrina G.*, 2007-NMCA-048, ¶ 17, 141 N.M. 501, 157 P.3d 66 ("Section 31-20-8 clearly evinces the [L]egislature's intent to require a hearing before the expiration of the probation period."). Had the Legislature intended to extend the district court's jurisdiction beyond a defendant's probation period, it certainly could have done so. *Cf. id.* (stating that, if the Legislature had wanted to draft a children's code statute with the same expiration of jurisdiction as seen in Section 31-20-8, it could have done so).

**{9}** The State relies on the no-credit provision to argue that the ordinary jurisdictional limit imposed by Section 31-20-8 does not apply. The State emphasizes that the no-credit provision should be applied "notwithstanding any provision of law to the contrary." *See* § 66-8-102(S). The dissent similarly asserts that the "notwithstanding any provision of law to the contrary" language indicates legislative intent to except DWI probation violators from the district court's basic jurisdictional prerequisite in Section 31-20-8. Dissent Op. ¶¶ 21-22. We are not persuaded that the Legislature intended the no-credit provision and its broad application to add to the jurisdiction of the district court.

**{10}** We have previously interpreted Section 31-20-8 to mean that the district court loses jurisdiction to revoke probation once the probation period ends, even in cases in which the petition to revoke probation was filed before the probation period ends. *See State v. Lara*, 2000-NMCA-073, ¶¶ 3, 6-9, 129 N.M. 391, 9 P.3d 74 (stating that the statute is clear that the district court lacks jurisdiction to revoke probation after the period of revocation has expired, even though the motion for unsatisfactory discharge was filed before the expiration of the defendant's probationary term); *see also Katrina G.*, 2007-NMCA-048, ¶ 15 (reiterating that Section 31-20-8 mandates that, when the period of suspension expires without revocation, "the defendant shall be entitled to a certificate from the court so reciting such facts" and stating that "Section 31-20-8 sets forth an explicit deadline—the expiration of the period of suspension—by which the district court must revoke the suspension order" (internal quotation marks and citation omitted)). When we read Section 31-20-8 and Section 66-8-102(S) harmoniously, and in light of our case law, the sentencing statute, Section 66-8-102(S), does not bear on the jurisdictional statute, Section 31-20-8. Rather, the opposite is true—as long as the district court has jurisdiction to proceed with a probation revocation proceeding, it shall apply the no-credit provision when applicable, notwithstanding any law to the contrary.

**{11}** Although we acknowledge the dissent's concern that, when a probation violation occurs near the end of a probation period, it might be more difficult to impose the no-credit provision in Section 66-8-102(S), *see* Dissent Op. ¶ 24, it is not for the courts to override the policy of the Legislature. *See Lara*, 2000-NMCA-073, ¶¶ 3, 6-9 (stating that the district court loses jurisdiction once the probation period has expired); *see also State ex rel. Coll v. Johnson*, 1999-NMSC-036, ¶ 24, 128 N.M. 154, 990 P.2d 1277 (stating that it is not within the province of our Supreme Court to "question the wisdom, policy, or justness of legislation enacted by our Legislature" (internal quotation marks and citation omitted)). To read the

5

statutes in the manner that the State and the dissent advocate—allowing the district court to apply the no-credit provision after Defendant's probation period had expired—would not be a harmonious reading of the statutes and it would effectively render the Legislature's statement in Section 31-20-8, concerning the district court's jurisdiction, meaningless. We will not read the no-credit provision in this manner. *See Int'l Ass'n of Firefighters*, 2009-NMCA-097, ¶ 11 (stating that "[w]e seek to give meaning to all parts of the statute, such that no portion is rendered surplusage or meaningless").

**{12}** We agree with Defendant and the district court that, even if the no-credit provision could be used to impose any sentence that could have been originally imposed and to deprive him of credit for time served on probation, it was too late to do so because his original period of probation had already expired. The district court did not err in determining that it had no jurisdiction.

**{13}** We lastly respond to the dissent's argument that Section 31-21-15(C), a statute tolling the probation period while the probationer is a fugitive from justice, gives guidance regarding the Legislature's intent to except DWI probationers from the jurisdictional limit of Section 31-20-8. Dissent Op. ¶ 23. We agree with the dissent that, in Section 31-21-15(C), "the Legislature intended to ensure that probationers could not defeat the district court's authority to revoke probation by absconding from the jurisdiction." Dissent Op. ¶ 23; *State v. Apache*, 104 N.M. 290, 291, 720 P.2d 709, 710 (Ct. App. 1986). However, we disagree that the Legislature's intent to toll the probation period with regard to fugitives extends to DWI probation violators who are not fugitives.

**{14}** Section 31-21-15(C) states,

> [i]f it is found that a warrant for the return of a probationer cannot be served, the probationer is a fugitive from justice. After hearing upon return, if it appears that he has violated the provisions of his release, the court shall determine whether the time from the date of violation to the date of his arrest, or any part of it, shall be counted as time served on probation.

As we stated in *Apache*, Section 31-21-15(C) tolls the probation period while a probationer has absconded from the jurisdiction so that the probationer cannot defeat the district court's jurisdiction merely by remaining a fugitive from justice until the probation period has run. *Apache*, 104 N.M. at 291, 720 P.2d at 710. In other words, the district court retains jurisdiction over a probationer who has voluntarily become a fugitive based upon the express language in Section 31-21-15(C). Section 66-8-102(S) does not react to a defendant's choice to abscond from justice, but, instead, prohibits a court from granting credit for time served to DWI offenders, even if they would otherwise be granted credit for time served. The circumstances are not analogous.

**{15}** In addition, we do not believe, as stated above, that the Legislature intended for the district court to first decide whether a DWI defendant is entitled to credit served, pursuant

to Section 66-8-102(S), before it decides whether it has jurisdiction at all, because such an interpretation would render the jurisdictional limitation of Section 31-20-8 meaningless and would not be a harmonious reading of the statutes. *See Int'l Ass'n of Firefighters*, 2009-NMCA-097, ¶ 11 (seeking to give meaning to all parts of the statute); *State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 (reading statutes harmoniously with each other whenever possible). And, again, the Legislature could have expressly tolled the probation period in Section 66-8-102(S), as it did with Section 31-21-15(C), had it so desired. *See City of Roswell v. Smith*, 2006-NMCA-040, ¶ 12, 139 N.M. 381, 133 P.3d 271 ("[T]he [L]egislature could easily have included additional language in a statute had it desired to do so." (internal quotation marks and citation omitted)).

**CONCLUSION**

**{16}**     For the reasons stated in this opinion, we affirm the district court's order of dismissal.

**{17}     IT IS SO ORDERED.**

—————————————————————
**JAMES J. WECHSLER, Judge**

**I CONCUR:**

—————————————————————
**RODERICK T. KENNEDY, Judge**

**LINDA M. VANZI, Judge (dissenting)**

**VANZI, Judge (dissenting).**

**{18}**     I do not agree with the majority that the district court lacked jurisdiction in this case to decide whether to revoke Defendant's probation and order the forfeiture of probation credit. I would reverse the district court's order of dismissal and remand for further proceedings on the State's amended petition to revoke probation.

**{19}**     As an initial matter, I do not take issue with the majority's application of the 2007 version of Section 66-8-102, as I believe this was the law at the time Defendant allegedly violated his probation. Majority Op. ¶ 4. I also do not disagree with the general premise that within the context of an ordinary probation revocation proceeding, our case law provides that the district court lacks jurisdiction to revoke probation after the probation period ends, even if the petition to revoke probation was filed before the probation period ends. *See* § 31-20-8 (stating that "[w]henever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him"); *Lara*, 2000-NMCA-073, ¶¶ 6-8; Majority Op. ¶ 8.

7

**{20}** Applying Section 31-20-8 to this case, the majority holds that because the original term of probation had expired by the time of the probation revocation hearing, the district court lost jurisdiction over Defendant. For the reasons that follow, however, I would conclude that the ordinary jurisdictional limit imposed by Section 31-20-8 does not apply in DWI cases of this nature.

**{21}** The jurisdictional limitation of Section 31-20-8 is based on the presumption that a probationer is ordinarily entitled to credit for time served on probation even if probation is subsequently revoked. The no-credit provision in Section 66-8-102(S), however, is to be applied "notwithstanding any provision of law to the contrary," and it prohibits giving credit for time served on probation to DWI offenders who violate their probation. Section 66-8-102(S). Given this clear language, it appears that the Legislature intended that our district courts first determine whether or not a probation violator is entitled to credit for time served on probation. *See Smith*, 2004-NMSC-032, ¶ 10 ("Whenever possible, we must read different [statutes] as harmonious instead of as contradicting one another." (Internal quotation marks and citation omitted)). After making that threshold determination, the district court can then decide whether it still has authority under Section 31-20-8 to revoke probation.

**{22}** In recognizing the persistent problem of repeat DWI offenders, the Legislature has plainly chosen to treat DWI probation violators differently than others who violate their conditions of probation. Specifically, by enacting Section 66-8-102(S), the Legislature has determined that DWI offenders who violate probation will be deprived of probation credit "notwithstanding any provision of law to the contrary." Section 66-8-102(S). I believe it would frustrate the Legislature's intent if a DWI offender who violates probation effectively receives credit for time served on probation for purposes of determining whether the jurisdictional bar of Section 31-20-8 applies. *See Rivera*, 2004-NMSC-001, ¶ 12 (recognizing that statutes must be interpreted "to facilitate and promote the [L]egislature's accomplishment of its purpose" (internal quotation marks and citation omitted)). I conclude that there should be no expiration of a DWI probationary sentence for purposes of triggering the jurisdictional limitation of Section 31-20-8 until the district court has first had the opportunity to decide whether a defendant is entitled to credit for time served on probation.

**{23}** In reaching the conclusion that there is no requirement that the revocation hearing be held before the original sentence expires, we can find guidance from those cases in which a probationer is denied credit while a fugitive from justice. *See* § 31-21-15(C) (providing that the court may determine whether a probationer was a fugitive from justice and deny probation credit on that basis); *see also State v. Kenneman*, 98 N.M. 794, 798, 653 P.2d 170, 174 (Ct. App. 1982) (acknowledging that "all time served on probation shall be credited unless the defendant is a fugitive"). We have previously recognized that the Legislature intended to ensure that probationers could not defeat the district court's authority to revoke probation by absconding from the jurisdiction, and have held that in those cases, the probationary period is tolled while the probationer is a fugitive from justice. *See Apache*, 104 N.M. at 291, 720 P.2d at 710 (tolling the probationary period while the probationer is

8

a fugitive from justice).  Thus, even if a fugitive is not brought before the court before the expiration of the original term of probation, the court may nevertheless deny the fugitive credit for that period of time that the probationer was a fugitive from justice.  *Id.* at 292, 720 P.2d at 711.

**{24}**    Similarly, by enacting the no-credit provision that denies a DWI offender probation credit upon a probation violation, the Legislature has effectively precluded a DWI offender from avoiding the consequences of a probation violation if the revocation hearing is not held before the original sentence expires since expiration of the sentence depends on credit for time served on probation.  To conclude otherwise would frustrate legislative intent and lead to absurd results.  *See Herrera*, 86 N.M. at 226, 522 P.2d at 78 ("We will not construe statutes to achieve an absurd result or to defeat the intended object of the [L]egislature.").  For example, if a DWI probationer violates probation near the end of the probationary period, it would be nearly impossible to effectuate the Legislature's intent to deprive that offender of credit for time served on probation because a hearing most likely could not be set before expiration of the original sentence.  In contrast, a DWI offender who violates probation earlier in the probationary term would be more likely to have probation revoked and probation credit forfeited before the original sentence expires.  Given these two very possible scenarios, I respectfully disagree with the majority's decision and can find no reason why the Legislature would have intended such disparate results.

**{25}**    Accordingly, to give effect to legislative intent, I believe that the no-credit provision should be applied in a manner similar to the fugitive from justice provision.  That is, when a DWI offender is accused of violating probation, the probationary period is tolled until the district court can hold a hearing to determine whether the probationer indeed violated probation and has thereby forfeited credit for time previously served on probation.  That said, any petition to revoke probation nonetheless must be *filed* prior to expiration of the period of the probation under the original sentence to avoid the jurisdictional bar of Section 31-20-8 and to assure the defendant of some degree finality.  Applied to the circumstances of this case, I conclude that the district court did not lose jurisdiction to consider the State's petition to revoke probation because the court first had to determine whether or not Defendant violated probation and thereby forfeited any credit for time served on probation.  I would reverse the district court's order of dismissal, which was based on the mistaken belief that the court no longer retained jurisdiction over Defendant for purposes of revoking his probation.  I respectfully dissent.

_____

**LINDA M. VANZI, Judge**

**Topic Index for *State v. Ordunez*, Docket No. 28,297**

**AE**                              **APPEAL AND ERROR**
AE-RM                              Remand

9

| | |
|---|---|
| AE-SR | Standard of Review |
| **CL** | **CRIMINAL LAW** |
| CL-DG | Driving While Intoxicated |
| **CA** | **CRIMINAL PROCEDURE** |
| CA-PB | Probation |
| CA-RV | Revocation of Probation |
| CA-SN | Sentencing |
| CA-TL | Time Limitations |
| **JD** | **JURISDICTION** |
| JD-DC | District Court |
| JD-PR | Personal |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |
| ST-LI | Legislative Intent |
| ST-RC | Rules of Construction |