VANZI, Judge (dissenting). {18} I do not agree with the majority that the district court lacked jurisdiction in this case to decide whether to revoke Defendant’s probation and order the forfeiture of probation credit. I would reverse the district court’s order of dismissal and remand for further proceedings on the State’s amended petition to revoke probation. {19} As an initial matter, I do not take issue with the majority’s application of the 2007 version of Section 66-8-102, as I believe this was the law at the time Defendant allegedly violated his probation. Majority Op. ¶ 4. I also do not disagree with the general premise that within the context of an ordinary probation revocation proceeding, our case law provides that the district court lacks jurisdiction to revoke probation after the probation period ends, even if the petition to revoke probation was filed before the probation period ends. See § 31-20-8 (stating that “[wjhenever the period of suspension expires without revocation of the order, the defendant is relieved of any obligations imposed on him”); Lara, 2000-NMCA-073, ¶¶ 6-8, 129 N.M. 391, 9 P.3d 74; Majority Op. ¶ 8. {20} Applying Section 31-20-8 to this case, the majority holds that because the original term of probation had expired by the time of the probation revocation hearing, the district court lost jurisdiction over Defendant. For the reasons that follow, however, I would conclude that the ordinary jurisdictional limit imposed by Section 31-20-8 does not apply in DWI eases of this nature. {21} The jurisdictional limitation of Section 31-20-8 is based on the presumption that a probationer is ordinarily entitled to credit for time served on probation even if probation is subsequently revoked. The no-credit provision in Section 66-8-102(S), however, is to be applied “notwithstanding any provision of law to the contrary,” and it prohibits giving credit for time served on probation to DWI offenders who violate their probation. Section 66-8-102(S). Given this clear language, it appears that the Legislature intended that our district courts first determine whether or not a probation violator is entitled to credit for time served on probation. See Smith, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 (“Whenever possible, we must read different [statutes] as harmonious instead of as contradicting one another.” (Internal quotation marks and citation omitted)). After making that threshold determination, the district court can then decide whether it still has authority under Section 31-20-8 to revoke probation. {22} In recognizing the persistent problem of repeat DWI offenders, the Legislature has plainly chosen to treat DWI probation violators differently than others who violate their conditions of probation. Specifically, by enacting Section 66-8-102(S), the Legislature has determined that DWI offenders who violate probation will be deprived of probation credit “notwithstanding any provision of law to the contrary.” Section 66-8-102(S). I believe it would frustrate the Legislature’s intent if a DWI offender who violates probation effectively receives credit for time served on probation for purposes of determining whether the jurisdictional bar of Section 31-20-8 applies. See Rivera, 2004-NMSC-001, ¶ 12, 134 N.M. 768, 82 P.3d 939 (recognizing that statutes must be interpreted “to facilitate and promote the [L]egislature’s accomplishment of its purpose” (internal quotation marks and citation omitted)). I conclude that there should be no expiration of a DWI probationary sentence for purposes of triggering the jurisdictional limitation of Section 31-20-8 until the district court has first had the opportunity to decide whether a defendant is entitled to credit for time served on probation. {23} In reaching the conclusion that there is no requirement that the revocation hearing be held before the original sentence expires, we can find guidance from those cases in which a probationer is denied credit while a fugitive from justice. See § 31-21-15(0 (providing that the court may determine whether a probationer was a fugitive from justice and deny probation credit on that basis); see also State v. Kenneman, 98 N.M. 794, 798, 653 P.2d 170, 174 (Ct.App.1982) (acknowledging that “all time served on probation shall be credited unless the defendant is a fugitive”). We have previously recognized that the Legislature intended to ensure that probationers could not defeat the district court’s authority to revoke probation by absconding from the jurisdiction, and have held that in those cases, the probationary period is tolled while the probationer is a fugitive from justice. See Apache, 104 N.M. at 291, 720 P.2d at 710 (tolling the probationary period while the probationer is a fugitive from justice). Thus, even if a fugitive is not brought before the court before the expiration of the original term of probation, the court may nevertheless deny the fugitive credit for that period of time that the probationer was a fugitive from justice. Id. at 292, 720 P.2d at 711. {24} Similarly, by enacting the no-eredit provision that denies a DWI offender probation credit upon a probation violation, the Legislature has effectively precluded a DWI offender from avoiding the consequences of a probation violation if the revocation hearing is not held before the original sentence expires since expiration of the sentence depends on credit for time served on probation. To conclude otherwise would frustrate legislative intent and lead to absurd results. See Herrera, 86 N.M. at 226, 522 P.2d at 78 (“We will not construe statutes to achieve an absurd result or to defeat the intended object of the [Legislature.”). For example, if a DWI probationer violates probation near the end of the probationary period, it would be nearly impossible to effectuate the Legislature’s intent to deprive that offender of credit for time served on probation because a hearing most likely could not be set before expiration of the original sentence. In contrast, a DWI offender who violates probation earlier in the probationary term would be more likely to have probation revoked and probation credit forfeited before the original sentence expires. Given these two very possible scenarios, I respectfully disagree with the majority’s decision and can find no reason why the Legislature would have intended such disparate results. . {25} Accordingly, to give effect to legislative intent, I believe that the no-credit provision should be applied in a manner similar to the fugitive from justice provision. That is, when a DWI offender is accused of violating probation, the probationary period is tolled until the district court can hold a hearing to determine whether the probationer indeed violated probation and has thereby forfeited credit for time previously served on probation. That said, any petition to revoke probation nonetheless must be filed prior to expiration of the period of the probation under the original sentence to avoid the jurisdictional bar of Section 31-20-8 and to assure the defendant of some degree finality. Applied to the circumstances of this case, I conclude that the district court did not lose jurisdiction to consider the State’s petition to revoke probation because the court first had to determine whether or not Defendant violated probation and thereby forfeited any credit for time served on probation. I would reverse the district court’s order of dismissal, which was based on the mistaken belief that the court no longer retained jurisdiction over Defendant for purposes of revoking his probation. I respectfully dissent.